# **Exhibit 1**

**EXECUTION VERSION**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDWARD D. HOZZA, III, on behalf of himself all other persons similarly situated, | **Case No. 1:20-cv-04966** |
| Plaintiff, vs. | **Honorable Renée Marie Bumb, U.S.D.J.** |
| PRIMOHOAGIES FRANCHISING, INC. Defendant. | **Honorable Matthew J. Skahill, U.S.M.J.** |

## STIPULATION AND AGREEMENT OF SETTLEMENT

## <u>TABLE OF CONTENTS</u>

RECITALS...................................................................................................1

1.   TERMS USED IN THIS AGREEMENT......................................................4

2.   SETTLEMENT CLASS ..............................................................................13

3.   CONFIRMATORY DISCOVERY ...............................................................14

4.   SETTLEMENT RELIEF ..............................................................................15

5.   DISTRIBUTION OF SETTLEMENT RELIEF............................................21

6.   ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARD.....22

7.   ADMINISTRATION OF CLAIMS ..............................................................24

8.   ADMINISTRATION/MAINTENANCE OF THE ESCROW ACCOUNT.28

9.   RELEASE AND COVENANT NOT TO SUE.............................................29

10.  OPT-OUT PROCEDURES ...........................................................................31

11.  OBJECTION PROCEDURES ......................................................................33

12.  MOTION FOR PRELIMINARY APPROVAL............................................36

13.  CLASS NOTICE ..........................................................................................37

14.  MOTION FOR FINAL APPROVAL AND ENTRY OF FINAL
     JUDGMENT..................................................................................................39

15.  BEST EFFORTS TO EFFECTUATE THIS SETTLEMENT.....................41

16.  EFFECTIVE DATE.......................................................................................41

17.  TERMINATION............................................................................................42

18.  EFFECT OF TERMINATION .....................................................................45

19.  CONFIDENTIALITY PROTECTION AND PUBLIC STATEMENTS.....47

20.  BINDING EFFECT ......................................................................................48

21.  NO ADMISSIONS ........................................................................49

22.  RESERVATION OF RIGHTS....................................................49

23.  INTEGRATED AGREEMENT ...................................................50

24.  HEADINGS ................................................................................51

25.  NO PARTY IS THE DRAFTER.................................................51

26.  CHOICE OF LAW .....................................................................51

27.  EXECUTION IN COUNTERPARTS..........................................51

28.  SUBMISSION TO AND RETENTION OF JURISDICTION ....52

29.  NOTICES ...................................................................................52

30.  AUTHORITY .............................................................................53

31.  STAY..........................................................................................53

32.  DISPUTES OR CONTROVERSIES CONCERNING OPTIONAL
     TERMINATION RIGHT .............................................................54

## STIPULATION AND AGREEMENT OF SETTLEMENT

THIS STIPULATION AND AGREEMENT OF SETTLEMENT is made and entered into on March 17, 2022. This Settlement Agreement is entered into on behalf of Plaintiff Edward D. Hozza, III, individually and on behalf of the Settlement Class, by and through Plaintiff's Counsel, and on behalf of Defendant PrimoHoagies Franchising, Inc. ("PrimoHoagies"), by and through PrimoHoagies' Counsel in this Action. Capitalized terms shall have the meanings ascribed to them in Section 1 or as otherwise specified herein.

### RECITALS

**WHEREAS,** PrimoHoagies discovered on February 18, 2020 that it was the victim of an external criminal cyberattack that targeted its online payment platform;

**WHEREAS,** upon discovering the attack, PrimoHoagies worked with cybersecurity professionals and Payment Card brands to identify the scope of the Incident and attempt to remediate the online payment platform;

**WHEREAS,** investigation revealed that Payment Card information used by customers for online orders between July 15, 2019 and February 18, 2020 was involved, including names, addresses, Payment Card numbers, expiration dates, and security codes;

**WHEREAS,** on April 17, 2020, PrimoHoagies publicly announced the Incident and emailed potentially affected individuals, including Plaintiff, to notify

them of the Incident and offer complimentary identity theft and credit monitoring services;

**WHEREAS,** on April 23, 2020, Plaintiff filed a putative class action, *Hozza v. PrimoHoagies Franchising, Inc.*, Case No. 1:20-cv-04966 (D.N.J.);

**WHEREAS,** Plaintiff alleged, among other things, that PrimoHoagies acted unlawfully by, *inter alia*, failing to safeguard and protect its customers' highly sensitive and personal information in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*; the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, *et seq.*; and state common law;

**WHEREAS**, Plaintiff further contends that he and the Settlement Class are entitled to monetary damages as a result of PrimoHoagies' conduct;

**WHEREAS,** PrimoHoagies denies each and all of the claims and allegations of wrongdoing alleged by Plaintiff in the Action, and maintains that it has good and meritorious defenses to the claims of liability and damages made by Plaintiff, personally and on behalf of the Settlement Class;

**WHEREAS**, PrimoHoagies filed a request for a pre-motion conference to file a Motion to Dismiss on June 4, 2020 (ECF No. 11);

**WHEREAS,** following the pre-motion conference, arm's length settlement negotiations took place between Plaintiff, Plaintiff's Counsel, PrimoHoagies, and PrimoHoagies' Counsel between September 2020 and March 2022, including

settlement conferences with the Honorable Matthew J. Skahill, U.S. Magistrate Judge (D.N.J.) on May 7, June 23, and August 5, 2021, resulting in this Settlement Agreement, subject to the final approval of the Court;

**WHEREAS,** Plaintiff's Counsel, having conducted an investigation of the facts and the law regarding the Action, consider the Settlement set forth herein to be fair, reasonable, adequate and in the best interests of Plaintiff and the Settlement Class, and determined that it is in the best interests of the Settlement Class to enter into this Settlement Agreement to avoid the uncertainties of complex litigation and to assure a benefit to the Settlement Class;

**WHEREAS,** PrimoHoagies, while continuing to deny that it committed any wrongful act or that is liable for the claims asserted against it in the Action and believing that it has good and meritorious defenses thereto, and without any admission of liability, has nevertheless agreed to enter into this Settlement Agreement to avoid further expense, inconvenience, and distraction of burdensome and protracted litigation, thereby putting this controversy to rest and avoiding the risks inherent in complex litigation;

**WHEREAS,** Plaintiff, for himself individually and on behalf of each Settlement Class Member, and PrimoHoagies agree that neither this Settlement Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence by Released Parties of any violation of any

3

statute or law or of any liability or wrongdoing by PrimoHoagies or of the truth of any of the claims or allegations in the Action, and that neither this Settlement Agreement nor any statement made in negotiation thereof may be used or offered in any proceeding for any purpose, except to enforce the terms of this Settlement; and

**WHEREAS,** the Parties enter into the Settlement with full knowledge that adverse or favorable court decisions and/or other events may take place in the future that might affect the positions of the Parties, including prior to the entry of the Final Approval Order and Final Judgment, and they intend to be bound by this Settlement, subject to final approval of the Court, notwithstanding the possibility or occurrence of any such future events or changes in position;

**NOW, THEREFORE,** Plaintiff, on behalf of himself and the Settlement Class by and through Plaintiff's Counsel, and PrimoHoagies, by and through PrimoHoagies' Counsel, agree that the Action and Released Claims be settled, compromised, and dismissed on the merits and with prejudice as to PrimoHoagies and the Released Parties and without costs as to Plaintiff, the Settlement Class, or PrimoHoagies except as provided herein, subject to the approval of the Court, on the following terms and conditions:

### 1.    Terms Used in This Agreement

The words and terms used in this Settlement Agreement, which are expressly defined below, shall have the meaning ascribed to them.

(A)   **"Action"** means *Hozza v. PrimoHoagies Franchising, Inc.*, Case No. 1:20-cv-04966 (D.N.J.).

(B)   **"Agreement" or "Settlement Agreement"** means this Stipulation and Agreement of Settlement, together with any appendices and exhibits attached hereto, which are incorporated herein by reference.

(C)   **"Authorized Claimant"** means any Settling Class Member who, in accordance with the terms of this Settlement Agreement, is determined to have filed a timely and valid Proof of Claim and Release form and is entitled to Settlement Relief.

(D)   **"Business Days"** means Monday through Friday, inclusive, of each week unless such day is a holiday in the United States.

(E)   **"Cash Claim Payments"** means the total of all cash payment(s) Settling Class Members are eligible to receive for Out-of-Pocket Cost Reimbursements and/or Lost Time and Effort Reimbursements.

(F)   **"Class" or "Settlement Class"** means all Persons in the United States whose Payment Card information was used to make an online order with PrimoHoagies during the Data Breach that PrimoHoagies made public on April 17, 2020. Excluded from the Class are: (i) PrimoHoagies and its employees, franchisees, franchisees' employees, agents, affiliates, parents, and subsidiaries, whether or not named in the Class Action Complaint in this Action (ECF No. 1); (ii) all Settlement

Class Members who timely and validly opt-out from the Settlement Class; (iii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff; and (iv) the attorneys representing the Parties in the Action.

(G)  **"Class Member(s)" or "Settlement Class Member(s)"** means a Person or Persons who are members of the Settlement Class.

(H)  **"Class Notice"** means the forms of notice set forth in Section 13 herein, to be distributed to the Settlement Class as provided in this Settlement Agreement and the Preliminary Approval Order.

(I)  **"Class Notice and Settlement Administration Costs"** means all reasonable costs and expenses related to the issuance of Class Notice to the Settlement Class and the administration of the settlement process by the Settlement Administrator, including but not limited to the preparation and distribution of the Court-approved Class Notice, processing of Proofs of Claim and Release, and issuance of any Settlement Relief to Authorized Claimants. PrimoHoagies will bear the costs and expenses of the foregoing, separate and apart from the Credit Monitoring, Cash Claim Payments, any attorneys' fees and expense award, and any Incentive Award

(J)  **"Court"** means the U.S. District Court for the District of New Jersey.

(K)   **"Credit Monitoring"** means the Settlement Relief set forth in Section 4(A)(i).

(L)   **"Data Breach" and/or "Incident"** means the third-party, external criminal cyberattack incident that PrimoHoagies disclosed on April 17, 2020, which targeted PrimoHoagies' online payment platform and customers' Payment Card information between July 15, 2019 and February 18, 2020.

(M)   **"Data Breach Period"** means the period of time between July 15, 2019 and February 18, 2020.

(N)   **"Defendant" or PrimoHoagies** means the Defendant named in the Action who is a party to the Settlement Agreement, and includes PrimoHoagies Franchising, Inc., as well as any successor entities.

(O)   **"Effective Date"** means the date when this Settlement Agreement becomes final as set forth in Section 16.

(P)   **"Escrow Account"** means an interest-bearing account mutually agreeable to the Parties and administered by the Settlement Administrator.

(Q)   **"Execution Date"** means the date on which this Agreement is executed by the last Party to do so.

(R)   **"Fairness Hearing"** means a hearing scheduled by the Court following the issuance of the Preliminary Approval Order and Class Notice to consider the fairness, adequacy and reasonableness of the proposed Settlement and Settlement

Agreement as well as Plaintiff's motion for attorneys' fees and expenses, and an Incentive Award.

(S)     **"Fee and Expense Application"** is defined in Section 6.

(T)     **"Final"** means, with respect to any court order, including, without limitation, the Final Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. An order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired. Any appeal or other proceeding pertaining solely to any order issued with respect to the Fee and Expense Application, shall not in any way delay or prevent the Final Judgment from becoming Final.

(U)     **"Final Approval Order"** means an order of the Court in the form attached hereto as Exhibit B, or in a substantially similar form, granting final approval to the Settlement pursuant to Federal Rule of Civil Procedure 23(e).

(V)     **"Final Judgment"** means the order of judgment and dismissal of the Action and the Released Claims with prejudice and without costs as to PrimoHoagies except as provided herein, pursuant to the Final Approval Order, in the form attached

hereto as Exhibit C or in a substantially similar form.

(W)   **"Incentive Award"** means any award ordered by the Court to named Plaintiff Edward D. Hozza, III as further described in Section 6, not to exceed $1,000.00.

(X)   **"Lost Time and Effort Reimbursement"** means the Settlement Relief defined in Section 4(A)(iii).

(Y)   **"Notice Plan"** means the plan and method for distributing Class Notice to the Settlement Class Members as developed by the Settlement Administrator in collaboration with the Parties, as set forth in Section 13.

(Z)   **"Out-of-Pocket Cost Reimbursement"** means the Settlement Relief defined in Section 4(A)(ii).

(AA)  **"Parties"** means PrimoHoagies and Plaintiff collectively, and **"Party"** applies to each individually.

(BB)  **"Payment Card"** means any means any debit or, credit, charge, prepaid, ATM, or POS ("point of sale") card.

(CC)  **"Person"** means a natural person, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint-stock company, estate, legal representative, trust, unincorporated association, proprietorship, any business or legal entity, or any

other entity or organization; and any heirs, successors, or assigns of any of the foregoing.

(DD) **"Plaintiff"** means the named Plaintiff in the Action—Edward D. Hozza, III. This Settlement Agreement is entered into with the Plaintiff.

(EE) **"Plaintiff's Counsel"** means Plaintiff's Counsel in the Action—Lowey Dannenberg, P.C.

(FF) **"Preliminary Approval Order"** means an order of the Court, substantially in the form of Exhibit A hereto, issued in response to the Motion for Preliminary Approval described in Section 12.

(GG) **"PrimoHoagies' Counsel"** means Freeman Mathis & Gary, LLP.

(HH) **"Proof of Claim and Release"** means the form, substantially in the form of Exhibit G hereto, by which any Settling Class Member may make a claim for Settlement Relief pursuant to Section 4.

(II) **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees or obligations (including Unknown Claims) that have been or could be brought, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever,

whether based on federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, that arise out of or are related to any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the Data Breach and/or the facts alleged in the Action. Nothing herein is intended to release any claims any governmental agency or governmental actor may have against PrimoHoagies.

(JJ)   **"Released Parties"** means PrimoHoagies Franchising, Inc. as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, franchisees, employers, employees, franchisees' employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

(KK) **"Releasing Parties"** means Plaintiff and Settling Class Members, as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents,

11

consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

(LL) **"Settlement"** means the settlement of the Action and Released Claims set forth in this Settlement Agreement herein.

(MM) **"Settlement Administrator"** means Angeion Group (subject to approval by the Court), which Plaintiff has selected to formulate and effectuate the Notice Plan and administer the class action claims in this Action.

(NN) **"Settlement Relief"** means one or more of the following forms of relief each Settling Class Member that files a timely and valid Proof of Claim and Release may be eligible to receive, subject to the requirements of Section 4: (1) Credit Monitoring; (2) Out-of-Pocket Cost Reimbursements, and (3) Lost Time and Effort Reimbursements.

(OO) **"Settling Class Members"** means Settlement Class Members who do not submit a timely and valid request for exclusion from this Action pursuant to Fed. R. Civ. P. 23(c) and in accordance with the procedure to be established by the Court.

(PP)   **"Unknown Claims"** means any Released Claims that Releasing Parties do not know or suspect to exist in their favor as of the Effective Date, which if known, might have affected their decision with respect to the Settlement.

## 2.        Settlement Class

(A)    Plaintiff will file an application, as part of the motion for preliminary approval under Section 12, seeking the certification of the Settlement Class as described herein pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

(B)    PrimoHoagies agrees not to object or oppose any motion filed by Plaintiff consistent with this Settlement Agreement to certify, for purposes of Settlement only, the Settlement Class. PrimoHoagies retains all of their objections, arguments, and defenses with respect to class certification and any other issue, and reserve all rights to contest class certification and any other issue, if the Settlement set forth in this Settlement Agreement does not result in the entry of a Final Approval Order and Final Judgment, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective. The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement Agreement is not finally approved, if the

13

Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void *ab initio*, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Class, or in support of an argument for certifying any class for any purpose related to this Action or any other proceeding.

### 3.      Confirmatory Discovery

(A)    Plaintiff's Counsel shall not use or disclose any documents, declarations and/or information exchanged in the context of this Settlement for any purpose other than effectuating this Settlement Agreement. The documents, declarations and/or information shall not be disclosed to anyone except, to the extent necessary, the Settlement Administrator. If the Settlement is terminated or fails to become effective for any reason, Plaintiff's Counsel shall destroy any and all copies of any documents, declarations and/or information exchanged in the context of this Settlement and not rely upon them in any way to pursue or support any claim against PrimoHoagies.

(B)    Pursuant to Section 17(C), Plaintiffs shall have the right to terminate this Settlement Agreement if PrimoHoagies has materially misrepresented its financial condition and/or the scope and size of the Data Breach. Prior to Plaintiff's

14

exercising their right to terminate, the parties shall meet and confer, in good faith, to resolve any purported deficiency or failure, and Plaintiff shall provide PrimoHoagies at least ten (10) days to cure any purported deficiency or failure.

### 4.      Settlement Relief

(A)    Settling Class Members must timely submit a complete Proof of Claim and Release to the Settlement Administrator, together with the additional required supporting documentation (if any) described below, to be eligible to receive one or more of the following forms of Settlement Relief:

(i) <u>Credit Monitoring</u>. Settling Class Members who submit a timely and valid Proof of Claim and Release will be eligible to receive one (1) year of free credit monitoring paid for by PrimoHoagies (valued at $119.40/year) through Identity Theft Guard Solutions, Inc. ("IDX"). Settling Class Members will receive an activation code via email to begin IDX credit monitoring that shall be sent via e-mail and remain valid for one (1) year from the date of distribution by the Settlement Administrator. This Credit Monitoring is made in addition to and is intended to supplement the credit monitoring offered in PrimoHoagies' April 17, 2020 Data Breach notice.

(a)    To be eligible, Settling Class Members must complete the "Class Member Information" and "Credit Monitoring" sections

of the Proof of Claim and Release and attest under penalty of perjury that the information provided is true and correct. No additional supporting documentation must be submitted along with the Proof of Claim and Release to be eligible for this relief.

(ii) <u>Out-of-Pocket Cost Reimbursement</u>. Settling Class Members who submit a timely and valid Proof of Claim and Release along with the required supporting documentation described in Subsections 4(A)(ii)(a) and/or 4(A)(ii)(b) below are eligible for reimbursement of the following out-of-pocket expenses, not to exceed $120.00 per Settling Class Member, that were incurred as a result of the Data Breach:

(a)     Unreimbursed fraudulent charge(s) incurred on a Payment Card(s) after the Payment Card(s) was (were) used at PrimoHoagies, where the charge(s) occurred during the Data Breach Period or up to five (5) months after the end of the Data Breach Period.

1. To be eligible, a Settling Class Member must submit:

a. A Proof of Claim and Release with the "Class Member Information" and "Out-of-Pocket Cost Reimbursement" sections completed and attest under penalty of perjury that the information

16

provided is true and correct, the Person has not submitted and is not aware of any other Person submitting a claim for reimbursement of the same out-of-pocket costs, and that the out-of-pocket costs claimed have not been reimbursed.

b. Documentation of a Fraudulent Charge (as defined in Section 4(B), below), including the amount of the unreimbursed charge;

c. To the extent not reflected in the Documentation of a Fraudulent Charge, documentation that the Class Member is/was a cardholder on or owner of the account for the Payment Card; and

d. Correspondence from the credit card company, debit card company, or bank associated with the Payment Card denying reimbursement of the fraudulent charge.

(b)     Unreimbursed costs for purchasing credit reports, credit monitoring, and/or identify theft protection services *after* a fraudulent charge or notice of some suspicious activity subsequent to the use of their Payment Card at PrimoHoagies *but*

*before* PrimoHoagies offered free credit monitoring on April 17, 2020.

1. To be eligible, a Settling Class Member must submit:

   a. A Proof of Claim and Release with the "Class Member Information" and "Out-of-Pocket Cost Reimbursement" sections completed and attest under penalty of perjury that the information provided is true and correct, they are not aware of any other claim being submitted for reimbursement for the same out-of-pocket costs, and that the out-of-pocket costs claimed have not been reimbursed;

   b. Documentation of a Fraudulent Charge (as defined in Section 4(B), below); and

   c. Documentation of the date, cost and proof of payment of the credit report(s), credit monitoring and/or identity theft protection services.

(iii)   <u>Lost Time and Effort Reimbursement</u>. Settling Class Members who submit a timely and valid Proof of Claim and Release along with the required supporting documentation described in Section 4(A)(iii)(a) below are eligible to receive $7.50 for lost time and effort that they

18

expended as a result of a fraudulent charge incurred on a Payment Card, after that Payment Card was used at PrimoHoagies, regardless of whether that charge was reimbursed or not, where the charge occurred during the Data Breach Period or up to five (5) months after the end of the Data Breach Period.

     (a)     To be eligible, a Settling Class Member must submit:

          a. A Proof of Claim and Release with the "Class Member Information" and "Lost Time and Effort Reimbursement" sections completed and attest under penalty of perjury that the information provided is true and correct and they personally extended time and effort as a result of the Data Breach; and

          b. Documentation of a Fraudulent Charge (as defined in Section 4(B), below).

(B)   <u>Documentation of a Fraudulent Charge</u>. To qualify for Out-of-Pocket Cost Reimbursement and/or Lost Time and Effort Reimbursement, Settling Class Members must provide documentation of a fraudulent charge. The documentation provided must show: (1) a charge, (2) that was fraudulent, (3) occurring during the Data Breach Period or up to five (5) months after the end of the Data Breach Period,

and (4) occurring after the same Payment Card was used during the Data Breach Period to make an online order with PrimoHoagies.

      (i)     Acceptable documentation may include, but is not limited to: (1) a bank statement or credit card or debit card statement, or a screen shot from a bank or credit or debit card account on a website or mobile app; (2) correspondence, such as emails, text messages, or letters, to or from the credit or debit card company or bank regarding the fraudulent charge; (3) transcripts or recordings of phone call(s) with the credit or debit company or bank regarding the fraudulent charge; (4) a notice or alert from a credit or identity theft monitoring service, credit or debit card company or bank; and/or (5) other reasonable documentation that shows the fraudulent transaction and identifies that it was the same Payment Card used at PrimoHoagies.

(C)    Each Settling Class Member will be entitled to receive (1) one (1) activation code for Credit Monitoring; (2) up to $120.00 for the Out-of-Pocket Cost Reimbursement; and/or (3) $7.50 for the Lost Time and Effort Reimbursement, regardless of the number of Payment Cards used to make an online order(s) with PrimoHoagies during the Data Breach and the number of fraudulent transactions that occurred on each Payment Card.

**5.      Distribution of Settlement Relief**

(A)     Within thirty (30) days following (i) the Effective Date or (ii) the date on which PrimoHoagies receives from the Settlement Administrator the list of Authorized Claimants and authorized cash payment amount to each Authorized Claimant who timely and validly submitted a Proof of Claim and Release for Out-of-Pocket Cost Reimbursement and/or Lost Time and Effort Reimbursement, whichever is later, PrimoHoagies agrees to pay the Settlement Administrator the Cash Claim Payments. The Settlement Administrator will disburse the cash payments to Authorized Claimants from the Cash Claim Payments within sixty (60) days of receiving the Cash Claim Payments from PrimoHoagies.

(B)     Within sixty (60) days following (i) the Effective Date or (ii) the date on which PrimoHoagies receives the list of Authorized Claimants from the Settlement Administrator who timely and validly submitted a Proof of Claim and Release as to the Credit Monitoring, whichever is later, the Settlement Administrator on behalf of PrimoHoagies shall email each Authorized Claimant an activation code for the Credit Monitoring as defined in Sections 1(K) and 4(A)(i), *supra*, which shall not expire for at least one (1) year from date of distribution by the Settlement Administration.

**6.       Attorneys' Fees and Expenses and Incentive Award**

(A)    Plaintiff's Counsel may apply to the Court for an award of attorneys' fees and expenses in an amount not to exceed $111,495.09, which, if approved by the Court, shall be the sole aggregate compensation paid by PrimoHoagies for Plaintiff's Counsel representing the Class.

(B)    PrimoHoagies shall take no position with respect to Plaintiff's Counsel's motion for attorneys' fees and expenses provided the requested award of attorneys' fees and expenses does not exceed $111,495.09. In no event shall PrimoHoagies be obligated to pay or reimburse Plaintiff's Counsel an amount greater than $111,495.09.

(C)    PrimoHoagies agrees to pay the Court-awarded attorneys' fees and expenses amount (subject to the aforementioned limit) within thirty (30) days following entry of such an order. Plaintiff's Counsel shall provide PrimoHoagies with appropriate banking instructions to facilitate the payment. However, if an event occurs that will cause the Settlement not to become effective pursuant Section 16, Plaintiff's Counsel must return such funds to PrimoHoagies within the time period provided in Section 18.

(D)    Plaintiff shall make an application to the Court for an award not to exceed $1,000 in connection with his representation of the Settlement Class in this Action, which amount constitutes the Incentive Award, to be paid by PrimoHoagies.

The purpose of such award shall be to compensate Plaintiff for the efforts and risks taken by him on behalf of the Class. PrimoHoagies shall take no position with respect to Plaintiff's application for an Incentive Award provided the requested Incentive Award does not exceed $1,000.00. In no event shall PrimoHoagies be obligated to pay Plaintiff an amount greater than $1,000.00. The Incentive Award is separate and apart from any Settlement Relief to which Plaintiff may be entitled.

(E)     PrimoHoagies agrees to pay the Incentive Award (subject to the aforementioned limit) within thirty (30) days following entry of such an order or the Effective Date, whichever is later. Plaintiff's Counsel shall provide PrimoHoagies with appropriate banking instructions to facilitate the payments.

(F)     The procedures for, and the allowance or disallowance by the Court of, any application for approval of attorneys' fees, expenses, or an Incentive Award (collectively the "Fee and Expense Application") are not part of the Settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Settlement Agreement. Any order or proceeding relating to a Fee and Expense Application, or the reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the Final Judgment and the Settlement of the Action as set forth herein. No order of the Court or modification or reversal on appeal of any order of the Court

concerning any Fee and Expense Application shall constitute grounds for termination of this Agreement.

(G)    Prior to the Fairness Hearing, Plaintiff's Counsel and Plaintiff shall file their Fee and Expense Application.

### 7.    Administration of Claims

(A)    The Settlement Administrator shall determine whether a Proof of Claim and Release form submitted by a claimant is valid. If the Settlement Administrator in its sole discretion, to be reasonably exercised, determines that (1) the claimant is a Settlement Class Member; (2) the claim is timely; and (3) the claimant has complied in all respects with Section 4, *supra*, applicable to the Settlement Relief sought and the requirements set forth on the Proof of Claim and Release, the claim shall be accepted and determined to be valid. The Settlement Administrator shall reject as invalid any claim that does not meet the foregoing requirements.

(i) In order to be considered timely, a Proof of Claim and Release must be electronically submitted or postmarked to the Settlement Administrator no later than ninety (90) days after the date on which the Notice Plan commences. A Proof of Claim and Release that is sent to an address other than that designated by the Settlement Administrator, or that is not timely postmarked or electronically submitted shall be invalid.

(ii) Upon receipt of an incomplete or unsigned Proof of Claim and Release or a Proof of Claim and Release that is not accompanied by sufficient documentation to determine whether the claim is valid, the Settlement Administrator shall notify the claimant of the deficiency and give the claimant thirty (30) days to cure the defect before rejecting the claim. Such notifications shall be made within twenty-one (21) days of receipt of such Proof of Claim and Release and sent via e-mail, unless there is no email address for the claimant in which case the notification shall be via mail.

    (a)    If the defect is not cured, then the claim shall be deemed invalid, and there shall be no obligation to pay the claim.

    (b)    If the claimant timely attempts to cure the deficiencies, the Settlement Administrator shall have fourteen (14) days to determine whether the claim meets the requirements set forth above and is valid. If the claim is determined to not be valid, then the Settlement Administrator shall send the claimant a notice of rejection within fourteen (14) days,  via e-mail, unless there is no email address for the claimant in which case the notification shall be via mail, and there shall be no obligation to pay the claim

(B)     The Settlement Administrator shall use reasonable procedures to screen claims for abuse, fraud, duplication, or ineligibility.

(C)     The Settlement Administrator may confer with Plaintiff's Counsel and PrimoHoagies' Counsel on questions related to the validity of claims.

(D)     The Settlement Administrator shall provide a list of Authorized Claimants to Plaintiff's Counsel and PrimoHoagies' Counsel within twenty-one (21) days of completing its review, as described herein, of all Proof of Claim and Release forms submitted.

(E)     The Settlement Administrator shall oversee the distribution of Settlement Relief, including the Cash Claim Payments and Credit Monitoring to Authorized Claimants, pursuant to the procedures described in this Settlement Agreement. The Settlement Administrator shall also prepare and file any required tax forms and provide instructions for the payment of any taxes (if applicable) to be paid by PrimoHoagies.

(F)     The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall retain all such records as required by law and under its normal business practices, and such records will be made available to Plaintiff's Counsel and PrimoHoagies' Counsel upon request. The Parties' Counsel shall be given reports as to both claims made and payments distributed and have the right to review and obtain supporting

documentation and challenge such reports if they believe them to be inaccurate or inadequate. The Settlement Administrator's determination of the validity or invalidity of any such claims shall be binding, subject only to Court review or agreement by the Parties' Counsel.

(G)    Personal information relating to or submitted by Settlement Class Members pursuant to this Settlement Agreement shall be deemed confidential and protected as such by the Settlement Administrator, the Parties, and their respective counsel. Any customer records PrimoHoagies provides to the Settlement Administrator shall be stored and processed in a confidential manner. The Settlement Administrator and Plaintiff's Counsel shall not use or disclose such records for any purpose other than effectuating the Settlement contemplated by this Agreement.

(H)    All Settling Class Members who fail to submit a timely and valid Proof of Claim and Release form for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Final Judgment.

(I)     No Person shall have any claim against the Settlement Administrator, Plaintiff, PrimoHoagies, Plaintiff's Counsel, and/or PrimoHoagies' Counsel based on distributions of benefits to Settling Class Members.

(J)     PrimoHoagies agrees to directly pay all Class Notice and Settlement Administration Costs to the Settlement Administrator. The Settlement Administrator will provide invoices to the Parties' Counsel at least every three (3) months. PrimoHoagies agrees to pay such invoices pursuant to the terms of the invoice and/or the agreement with the Settlement Administrator.

## 8.     Administration/Maintenance of the Escrow Account

The Escrow Account shall be maintained by the Settlement Administrator and Plaintiff's Counsel under supervision of the Court and shall be distributed solely at such times, in such manner, and to such Persons as shall be directed by subsequent orders of the Court (except as provided for in this Settlement Agreement). The Parties intend that the Escrow Account be treated as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B. Plaintiff's Counsel shall ensure that the Escrow Account at all times complies with Treasury Regulation § 1.468B in order to maintain its treatment as a qualified settlement fund. To this end, Plaintiff's Counsel shall ensure that the Escrow Account is approved by the Court as a qualified settlement fund and that any Settlement Administrator or other administrator of the Escrow Account complies with all requirements of Treasury

28

Regulation § 1.468B-2. Any failure to ensure that the Escrow Account complies with Treasury Regulation § 1.468B-2, and the consequences thereof, shall be the sole responsibility of Plaintiff's Counsel. Notwithstanding the foregoing, should any reasonable taxes be due on any interest or dividend income earned by the Escrow Account as a qualified settlement fund, to the extent such taxes cannot be paid directly from funds in the Escrow Account itself, PrimoHoagies will bear the responsibility of making such tax payments as determined by the Settlement Administrator in consultation with Plaintiff's Counsel and PrimoHoagies' Counsel.

## 9.        Release and Covenant Not to Sue

(A)     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, the Releasing Parties shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

29

(B)     The Releasing Parties shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of Unknown Claims. Plaintiff, for himself and on behalf of Settling Class Members, shall be deemed to relinquish, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, including Cal. Civ. Code § 1542 or any law which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff acknowledges, and Settling Class Members by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of the Plaintiff, and by operation of law, Settling Class Members, to completely, fully, finally and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist,

or heretofore existed, or may hereafter exist, and without regard to the subsequent

discovery of additional or different facts.

(C)     For the avoidance of doubt, by entering into this Agreement, neither

PrimoHoagies nor any other Released Party shall have or shall be deemed to have

released, relinquished, or discharged any claim or defense against any Person

responsible for or otherwise involved in the Data Breach.

## 10.     Opt-Out Procedures

(A)     Each Person wishing to opt-out of the Settlement Class shall timely

submit written notice of such intent to the designated mailing address or email

address established by the Settlement Administrator. The written notice must

include: (1) the Person's full name, (2) the address, telephone number, and email

address (if any) of the Person opting out, (3) the name and number of the case, (4)

the personal and original signature of the Person opting out, and (5) a clear statement

that they wish to be excluded from the Settlement Class for purposes of this

Settlement. So-called "mass" or "class" opt-outs shall not be allowed.

(B)     To be effective, written notice must be postmarked or emailed no later

than ninety (90) days after the date on which the Notice Plan commences. Postmark

and email timestamp dates shall constitute timely mailing. A written notice that does

not (1) include all of the information in the preceding paragraph, or (2) that is sent

to a mailing address or email address other than that designated by the Settlement

Administrator, or (3) that is not timely postmarked or emailed, shall be invalid, and the Person(s) serving such request shall be a Settling Class Member and shall be bound as a Settling Class Member by this Agreement, if approved.

(C)  Within ten (10) Business Days following the deadline for the filing of requests to opt-out of the Settlement, the Settlement Administrator and Plaintiff's Counsel will provide PrimoHoagies' Counsel with all requests to opt-out.

(D)  All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth above shall be bound by the terms of this Settlement Agreement, including the Release and Covenant Not to Sue contained in Section 9, Final Judgment entered thereon, and any other judgment entered thereon, regardless of whether the Settlement Class Member files a Proof of Claim and Release or receives any benefits from the Settlement.

(E)  If a Person submits both a Proof of Claim and Release and a request to opt-out, the Settlement Administrator will advise such person via e-mail, unless there is no email address for the claimant in which case the notification shall be via mail, and request that the Person withdraw either the Proof of Claim and Release or

the opt-out request. If such Person does not withdraw the Proof of Claim and Release or the opt-out request within the allotted time frame provided by the Settlement Administrator or prior to the deadline to opt-out, whichever is earlier, the Person will be deemed to have waived and withdrawn the request to opt-out and shall be treated as a Settlement Class Member for all purposes.

(F)     The Parties and their respective counsel agree that they will make no effort to suggest, solicit, facilitate or otherwise encourage potential Class Members to opt-out of the Settlement.

## 11.     Objection Procedures

(A)     Each Settling Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of their objection that complies with the requirements of this Settlement Agreement.

(B)     Such notice shall include: (i) the objector's full name, address, telephone number, and e-mail address; (ii) the case name and case number; (iii) information identifying the objector as a Settlement Class Member, including documentation demonstrating that the objector is within the definition of the Settlement Class; (iv) a written statement of specific legal and factual basis for each objection, including whether the objection applies only to the objecting person, a specific subset of the Settlement Class, or the entire Settlement Class; (v) a description of any and all evidence the objecting person may offer at the Fairness

Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses and all exhibits intended to be introduced at the Fairness Hearing; (vi) the identity of all counsel representing the objector; (vii) a statement whether the objector and/or their counsel will appear at the Fairness Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (ix) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last five (5) years.

(C)    If a potential objector enters an appearance and desires to present evidence at the Fairness Hearing in support of their objection, they must also include in their written objection or notice of appearance the names and addresses of any witnesses they may call to testify, information concerning the witnesses' expected testimony, and any exhibits they intend to introduce into evidence at the Fairness Hearing.

(D)    An objection cannot be made by telephone or email.

(E)    To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of Court of the U.S. District Court for the District of New Jersey no later than ninety (90) days from the date on which the Notice Plan commences, and served concurrently upon Plaintiff's Counsel, Christian Levis of

Lowey Dannenberg, P.C., at the address listed on the signature page of the Settlement Agreement; and counsel for PrimoHoagies, William W. Cheney, III, Freeman Mathis & Gary, LLP, at the address listed on the signature page of the Settlement Agreement.

(F)    If a person in the Settlement Class who objects to the settlement also submits a request to opt-out, either before or after the objection, the objection will be deemed withdrawn and void, unless such Person send notice to the Settlement Administrator withdrawing the Person's request to opt-out prior to the deadline to opt-out.

(G)    Any Settling Class Member who fails to comply with the requirements for objecting in writing shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Action. The exclusive means for any challenge to the Settlement shall be through the objection provisions set forth in this Section. Any further challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

## 12.       Motion for Preliminary Approval

(A)   As soon as practicable after the Execution Date of the Settlement

Agreement, but no later than March 18, 2022, or on other such date that the Court

may permit, Plaintiff's Counsel shall submit this Settlement Agreement to the Court

and shall file a motion for entry of the Preliminary Approval Order in the Action

requesting:

(i)    certification of the Settlement Class for settlement purposes

only;

(ii)   preliminary approval of the Settlement Agreement as set forth

herein;

(iii)   the scheduling of a Fairness Hearing and briefing schedule for

the Motion for Final Approval and Entry of Final Judgment;

(iv)   appointment of Plaintiff's Counsel Lowey Dannenberg, P.C. as

Class Counsel for the Settlement Class;

(v)    appointment of the Plaintiff Edward D. Hozza, III as Settlement

Class representative;

(vi)   approval of the Class Notice, Notice Plan, and Proof of Claim

and Release(s) as agreed upon by the Parties in coordination with the

Settlement Administrator;

(vii)   approval of the Opt-Out and Objection procedures as detailed in this Settlement Agreement; and

(viii)  appointment of Angeion Group as Settlement Administrator.

### 13.        Class Notice

(A)    In the event that the Court preliminarily approves the Settlement, the Settlement Administrator shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure, provide Class Notice to all Settlement Class Members whose identities can be determined after reasonable efforts.

(B)    PrimoHoagies agrees to cooperate with Plaintiff's Counsel and the Settlement Administrator to provide Class Notice to Settlement Class Members as follows: (1) two (2) rounds of email notice to Settlement Class Members utilizing the valid email addresses in PrimoHoagies' customer records; (2) direct notice to Settlement Class Members through the PrimoHoagies online platform (website and mobile applications) via a banner with a hyperlink to the settlement website which will appear upon login; (3) in instances where a Settlement Class Member's email address is determined to be invalid, notice through the use of mailed postcards to Settlement Class Members *via* the U.S. Postal Service; (4) a press release announcing the settlement; and (5) a dedicated settlement website administered by the Settlement Administrator.

(C)    If, following the Notice Plan in Subsection (B), Plaintiff's Counsel believes there is evidence that the Notice Plan may not constitute due, adequate, and sufficient notice and meet the requirements of due process and/or of Federal Rule of Civil Procedure 23, the parties will consult with the Settlement Administrator to attempt to address Plaintiff's Counsel's concerns. If, thereafter, Plaintiff's Counsel believes supplementation of the Notice Plan in Subsection (B) is necessary and the Parties are unable to reach an agreement as to same, the parties may agree to mediation. Otherwise, Plaintiff may seek judicial intervention by way of motion or other means. The responsibility for the costs of any supplementation of the Notice Plan, including whether such costs may be considered Class Notice and Settlement Administration Costs, will be addressed by any agreement between the Parties or as part of any mediated or judicial resolution of any dispute regarding supplementation.

(D)    The email notice and postcard notice described in Section 13(B)(1) and (3) shall be in the form of Exhibits E and F or in a substantially similar form as approved by the Court.

(E)    The settlement website described in Section 13(B)(5) shall make available a long form notice in the form of Exhibit D or in a substantially similar form as approved by the Court.

(F)    The banner described in Section 13(B)(2) shall be designed in collaboration with the Settlement Administrator to provide appropriate summary

information and will include a link, that upon clicking will direct users to the settlement website.

(G)    The Notice Plan shall commence no later than forty-five (45) days following entry by the Court of a Preliminary Approval Order.

(H)    PrimoHoagies shall also bear the costs and responsibility for timely serving notice of the Settlement to the extent required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. PrimoHoagies shall also cause a copy of such CAFA notice and proof of service of any such notice to be provided to Plaintiff's Counsel.

## 14.    Motion for Final Approval and Entry of Final Judgment

(A)    After the Preliminary Approval Order is entered and Class Notice is issued, and prior to the Fairness Hearing, Plaintiff's Counsel, on behalf of the Plaintiff, shall move for entry of the Final Approval Order and Final Judgment in this Action:

(i)    finally certifying solely for settlement purposes, the Settlement Class;

(ii)    finding that the Class Notice and Notice Plan constituted the best notice practicable under the circumstances and complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

(iii)    finally approving this Settlement Agreement and its terms as being a fair, reasonable and adequate settlement of the Settlement Class' claims against PrimoHoagies under Rule 23 of the Federal Rules of Civil Procedure;

(iv)    ordering that, as to the Released Parties, the Action be dismissed with prejudice and without costs except as provided herein;

(v)    discharging and releasing the Released Claims as to the Released Parties;

(vi)    permanently barring and enjoining all Settling Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction against any Released Party based on the Released Claims;

(vii)    determining pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and directing that the Final Judgment shall be final and appealable;

(viii)   reserving the Court's continuing and exclusive jurisdiction over the Settlement and this Agreement, including the administration and consummation of this Agreement; and

(ix)   containing such other and further provisions consistent with the terms of this Agreement to which PrimoHoagies and Plaintiff expressly consent in writing.

(B)   Prior to the Fairness Hearing, as provided in Section 6, Plaintiff's Counsel will timely request by separate motion that the Court approve its Fee and Expense Application. The Fee and Expense Application is separate and apart from the Settlement between the Parties. If the Fee and Expense Application is not approved, in whole or in part, it will have no effect on the finality of the Final Approval Order approving the Settlement and the Final Judgment dismissing the Action with prejudice as to PrimoHoagies.

## 15.   Best Efforts to Effectuate This Settlement

The Parties agree to cooperate with one another to the extent reasonably necessary and exercise their reasonable best efforts to effectuate and implement the terms and conditions of this Settlement Agreement.

## 16.   Effective Date

Unless terminated earlier as provided in this Settlement Agreement, this Settlement Agreement shall become effective and final as of the date upon which all the following conditions have been satisfied:

(A)   The Settlement Agreement has been fully executed by PrimoHoagies and Plaintiff through their counsel;

41

(B)   The Court has certified the Settlement Class, and entered the Preliminary Approval Order, preliminarily approving this Settlement Agreement and approving the Class Notice and Notice Plan;

(C)   Class Notice has been issued;

(D)   The Court has entered its Final Approval Order and Final Judgment finally approving the Settlement Agreement in all respects as required by Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Action with prejudice as to the Released Parties; however, this required approval does not include the approval of the Fee and Expense Application; and

(E)   The Final Approval Order and Final Judgment dismissing the Action with prejudice as to the Released Parties becomes Final.

## 17.   Termination

(A)   If the Effective Date does not and cannot occur, then this Settlement Agreement shall be terminated, subject to and in accordance with the Subsections below, unless the Parties mutually agree in writing to continue with this Agreement for a specified period of time.

(B)   PrimoHoagies and Plaintiff's Counsel (acting on behalf of Plaintiff) shall have the right, but not the obligation, in their sole discretion, to terminate this Settlement Agreement by providing written notice to the other Party's Counsel within twenty (20) Business Days of learning of any of the following events:

42

(i)      the Court declines to enter or materially modifies the Preliminary Approval Order sought pursuant to Section 12 or the Final Approval Order sought pursuant to Section 14;

(ii)     the Court declines to approve or materially modifies the Settlement Agreement or Release;

(iii)    the Court declines to enter or materially modifies the Final Judgment; or

(iv)    the Settlement Agreement, Release, Final Approval Order or the Final Judgment is modified or reversed or vacated by any appellate court in any material respect.

(C)    Plaintiff's Counsel (acting on behalf of Plaintiff) shall have the right, but not the obligation, in their sole discretion, to terminate this Settlement Agreement by providing written notice to the PrimoHoagies's Counsel within twenty (20) Business Days if the confirmatory discovery described in Section 3, *supra*, demonstrates that PrimoHoagies has materially misrepresented its financial condition and/or the scope and size of the Data Breach. Prior to Plaintiff's exercising their right to terminate, the parties shall meet and confer, in good faith, to resolve any purported deficiency or failure, and Plaintiff shall provide PrimoHoagies at least ten (10) days to cure any purported deficiency or failure.

(D)    Optional Termination Right. PrimoHoagies shall have the right, but not the obligation, in their sole discretion, to terminate this Settlement Agreement by providing written notice to Plaintiff's Counsel within twenty (20) Business Days of the date on which more than six percent (6%) of the Settlement Class have timely and validly opted-out of the proposed Settlement Agreement.

(E)    If PrimoHoagies seeks to terminate the Settlement Agreement on the basis of Subsection (D) above, the Parties agree that any dispute as to whether PrimoHoagies may invoke Subsection (D) to terminate the Settlement Agreement that they cannot resolve amongst themselves after reasonable efforts will be resolved through the alternative dispute resolution process set forth in Section 32 of this Settlement Agreement, notwithstanding that the Settlement Agreement will have been filed with and preliminarily approved by the Court.

(F)    If it appears that dispute resolution efforts pursuant to Subsection (E) will not be completed before five (5) Business Days in advance of the Fairness Hearing, the Parties will jointly seek an adjournment of the Fairness Hearing to allow time for this process to be completed.

(G)    Except as provided in Subsection (E), any other dispute between Plaintiff and PrimoHoagies concerning the interpretation or application of this Section 17 shall be presented to the Court for binding determination upon the application of Plaintiff or PrimoHoagies.

44

## 18.      Effect of Termination

Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or this Settlement Agreement should be terminated or otherwise fails to become effective for any reason, including, without limitation, in the event that the Settlement as described herein is not finally approved by the Court or the Final Judgment is reversed or vacated following any appeal, then:

(A)    Within ten (10) Business Days after written notification of such event is sent by PrimoHoagies' Counsel or Plaintiff's Counsel to all Parties and the Settlement Administrator, any amounts paid pursuant to Sections 4 and 6 will be refunded, reimbursed, and repaid to PrimoHoagies, as applicable.

(B)    The Settlement Administrator or its designee shall apply for any tax refund owed to the Escrow Account and pay the proceeds to PrimoHoagies, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund;

(C)    The Parties shall be returned, to the maximum extent possible, to their respective positions in the Action as of immediately prior to the Execution Date of the Settlement Agreement, with all of their respective legal claims and defenses preserved as they existed at that time; and

(D)    Upon termination of this Settlement Agreement with respect to all Parties, then:

45

(i)        this Settlement Agreement shall be null and void and of no further effect, and PrimoHoagies, Plaintiff, and Settlement Class Members shall not be bound by any of its terms;

(ii)        Each Party shall bear its own attorneys' fees and costs and PrimoHoagies' future payment obligations shall cease, except with respect to any outstanding Class Notice and Settlement Administration Costs incurred but not yet paid;

(iii)        Neither this Settlement Agreement, nor the fact of its having been made, nor the negotiations leading to it, nor any discovery, documents or information exchanged, or action taken by a Party or Settlement Class Member pursuant to this Settlement Agreement, will be admissible or entered into evidence for any purpose whatsoever;

(iv)        any and all releases hereunder shall be of no further force and effect; and

(v)        any and all rulings, orders, or judgments entered, altered, amended or vacated by the Court in accordance with the terms of this Settlement Agreement shall be deemed reverted *nunc pro tunc* to their respective status as of the Execution Date, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, without prejudice in any way from the negotiation, fact, or terms of the Settlement,

and with all of their respective legal claims, objections, defenses and motions preserved as they existed on that date (including any objection to or defense based on, among other things, a lack of personal jurisdiction).

### 19.   Confidentiality Protection and Public Statements

(A)   Plaintiff, Plaintiff's Counsel, PrimoHoagies, and PrimoHoagies' Counsel agree to maintain the confidentiality of the terms of this Settlement prior to the filing of a Motion for Preliminary Approval. During this period, the Settlement and its terms are and shall be treated as confidential and shall not be disclosed, described, or characterized to any other person, attorney, entity, publication, or member of the media, except as may be required by law, to select a Settlement Administrator, judicial process, or order of a court, to enforce the terms of the Settlement, or as otherwise agreed by the Parties.

(B)   Notwithstanding the foregoing, PrimoHoagies may disclose such information to a regulatory authority, the IRS, its auditors, or its insurance carriers if it determines that disclosure is appropriate or required by applicable law. Further, PrimoHoagies may disclose such information in its securities filings and/or financial disclosures if it determines that disclosure is appropriate or required by applicable law.

(C)   The Parties' counsel shall not, at any time, make public statements regarding the Settlement or the Action (apart from filings with and arguments to the

Court as necessary to obtain Preliminary or Final Approval of the Settlement or to inform and direct potential Settlement Class Members to the settlement website in order to file a claim). Plaintiff's Counsel may post Court orders regarding the Action and brief summaries of those orders on their website(s) without permission from PrimoHoagies, so long as any reference in such order(s) to materials subject to any confidentiality obligations are properly redacted. The Parties and their counsel agree not to make any statements against the interest of the Settlement, including by soliciting, encouraging, or attempting to influence Settlement Class Members' participation in or decision to opt out of the Settlement, except as provided for by the notice program described herein. Nothing in this Section shall prohibit Plaintiff's Counsel from responding to or interacting with Settlement Class Members that contact them, whether directly or indirectly, about the Action or the Settlement (subject to compliance with any and all applicable confidentiality obligations and consistent with all legal and ethical obligations) or otherwise impede their duty to the Settlement Class as Class Counsel.

### 20.   Binding Effect

(A)   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of PrimoHoagies, the Released Parties, Plaintiff, and Releasing Parties.

(B)    The waiver by any Party of any breach of this Settlement Agreement by another Party shall not be deemed a waiver of such breach by any other Party or a waiver by any Party of any other prior or subsequent breach of this Settlement Agreement.

### 21.    No Admissions

Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Parties may file the Settlement Agreement and/or the Final Judgment in any action in order to support a claim or defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar claim or defense.

### 22.    Reservation of Rights

It is understood and agreed that PrimoHoagies reserves any and all rights to pursue recovery against those entities and/or individuals who participated in, caused,

negligently or intentionally, or contributed, in any way, to the happening of the Incident, including, but not limited to, for any and all costs and expenses caused or resulting from, responding to, and/or remediating the Incident, any and all fees, costs, fines, charges and/or other amounts levied against PrimoHoagies as a result of the Incident, any and all fees and amounts incurred in connection with the Action, and any payments, fees, or costs made or incurred in connection with the Settlement of the Action. This Settlement Agreement in no way impacts or limits those rights or any claims that PrimoHoagies may assert.

### 23.     Integrated Agreement

This Settlement Agreement, including any exhibits hereto and agreements referenced herein, contains the entire, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and is not subject to any condition not provided for or referenced herein. This Settlement Agreement supersedes all prior or contemporaneous discussions, agreements, and understandings among the Parties to this Settlement Agreement with respect hereto. This Settlement Agreement may not be modified in any respect except by a writing that is executed by all the Parties hereto.

### 24. Headings

The headings used in this Settlement Agreement are for the convenience of the reader only and shall not have any substantive effect on the meaning and/or interpretation of this Settlement Agreement.

### 25. No Party is the Drafter

None of the Parties shall be considered to be the drafter of this Settlement Agreement or any provision herein for the purpose of any statute, case law, or rule of interpretation or construction that might cause any provision to be construed against the drafter. This Settlement Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's length negotiations and that all Parties have contributed substantially and materially to the preparation of the Agreement.

### 26. Choice of Law

All provisions of this Settlement Agreement and its exhibits hereto shall be governed by and interpreted according to the substantive laws of the State of New Jersey, without regard to its choice of law or conflict of laws principles.

### 27. Execution in Counterparts

This Settlement Agreement may be executed in one or more counterparts. Facsimile and scanned/PDF signatures shall be considered valid signatures. All

executed counterparts shall be deemed to be one and the same instrument. There shall be no agreement until the fully signed counterparts have been exchanged and delivered to each of the Parties.

### 28.      Submission to and Retention of Jurisdiction

The Parties, Released Parties, and the Releasing Parties irrevocably submit, to the fullest extent permitted by law, to the exclusive jurisdiction of the United States District Court for the District of New Jersey solely for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement, or the exhibits hereto. For the purpose of such suit, action, or proceeding, to the fullest extent permitted by law, the Parties, Released Parties, and the Releasing Parties irrevocably waive and agree not to assert, by way of motion, as a defense, or otherwise, any claim or objection that they are not subject to the jurisdiction of such Court, or that such Court is, in any way, an improper venue or an inconvenient forum or that the Court lacked jurisdiction to approve this Settlement Agreement or enter any of the orders contemplated hereby.

### 29.      Notices

All notices and other communications under this Settlement Agreement shall be sent to the Parties to this Settlement Agreement at their address set forth on the signature page herein, *viz*, if to Plaintiff, then to: Christian Levis, Lowey Dannenberg, P.C., 44 South Broadway, Suite 1100, White Plains, New York 10601;

and if to Defendant PrimoHoagies Franchising, Inc., then to William W. Cheney, III, Freeman Mathis & Gary, LLP, 3 Executive Campus, Suite 350, Cherry Hill, New Jersey 08002, or such other address as each party may designate for itself, in writing, in accordance with this Settlement Agreement.

### 30. Authority

In executing this Settlement Agreement, Plaintiff's Counsel represent and warrant that they have been fully authorized to execute this Settlement Agreement on behalf of Plaintiff and the Settlement Class (subject to final approval by the Court after notice to all Settlement Class Members), and that all actions necessary for the execution of this Settlement Agreement have been taken. PrimoHoagies represents and warrants that their undersigned counsel is fully empowered to execute the Settlement Agreement on behalf of PrimoHoagies and that all actions necessary for the execution of this Settlement Agreement have been taken.

### 31. Stay

The Parties stipulate and agree that all proceedings and deadlines in the Action (including with respect to the motion to dismiss and discovery deadlines) between Plaintiff and PrimoHoagies shall be indefinitely stayed pending the Court's entry of the Preliminary Approval Order. The stay will automatically be dissolved if the Settlement is terminated in accordance with the provision of Section 17 of this Settlement Agreement.

### 32.      Disputes or Controversies Concerning Optional Termination Right

(A)     Except as otherwise provided herein, any dispute or controversy arising out of or relating to the Optional Termination Right (Section 17(D)) of this Settlement Agreement shall be decided first by discussion among counsel for the Parties and, failing that, by confidential mediation. The mediation shall first be brought to the Honorable Matthew J. Skahill, U.S. Magistrate Judge (D.N.J.), or if unavailable to serve, by a mediator at JAMS, Inc., formerly known as Judicial Arbitration and Mediation Services ("JAMS"), as selected and agreed upon by the Parties. If the Parties are unable to agree on the mediator within thirty (30) days from the date on which the mediation is commenced, JAMS shall appoint the mediator. The seat of mediation shall be Camden, New Jersey. If mediation fails to resolve the dispute, it shall be decided by arbitration, in each case administered by a sole neutral arbitrator agreed upon by all Parties at JAMS, in accordance with its procedures and Comprehensive Arbitration Rules & Procedures then in effect ("Rules") and in accordance with the Expedited Procedures in those Rules (or such other alternative dispute resolution organization as all parties shall agree), except as modified herein. If the Parties are unable to agree on the sole arbitrator within thirty (30) days from the date on which the arbitration is commenced, JAMS (or any dispute resolution organization agreed upon by the Parties) shall appoint the sole arbitrator following

the process set forth in the Rules. The seat of arbitration shall be Camden, New Jersey.

(B)    The arbitration shall be conducted on a strictly confidential basis, and the Parties shall not disclose the existence or nature of any claim; any documents, correspondence, briefing, exhibits, or information exchanged or presented in connection with any claim; or any rulings, decisions, or results in the context of arbitration (collectively, "Arbitration Materials") to any third party, except to the Parties' respective legal counsel (who shall also be bound by these confidentiality terms), under seal in any judicial proceeding commenced in connection with this Section 32, or to the extent that such disclosure is required or advisable pursuant to bank regulatory requirements, SEC requirements, or other legal or regulatory requirements.

(C)    Subject to any timely appeals under this Section 32, the arbitral decision shall be final and binding upon the parties hereto. Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction. Except as the Rules may provide, the Parties shall share JAMS's administrative fees and the mediator's or arbitrator's fees and expenses. Each Party shall be responsible for such Party's attorneys' fees and costs except as otherwise provided by any applicable statute or other law. Either Party may commence litigation in any state or federal court of competent jurisdiction located in Camden County, New Jersey to obtain injunctive

relief in aid of arbitration, to compel arbitration, or to confirm or vacate an arbitrator's award. The Parties agree to take all steps necessary to protect the confidentiality of the Arbitration Materials in connection with any such proceeding, agree to use their best efforts to file all confidential information (and documents containing confidential information) under seal, and agree to the entry of an appropriate protective order encompassing the confidentiality terms of any settlement agreement.

[*remainder of page intentionally left blank*]

**IN WITNESS WHEREOF,** the Parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys and/or corporate representatives.

Dated: March 17, 2022        By: _____

Christian Levis (NJ ID# 021492012)
Amanda Fiorilla (NJ ID# 317282020)
**LOWEY DANNENBERG, P.C.**
44 South Broadway
White Plains, New York 10601
Telephone: (914) 997-0500
clevis@lowey.com
afiorilla@lowey.com

Anthony M. Christina (NJ ID# 196262016)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, Pennsylvania 19428
Tel: (215) 399-4770
achristina@lowey.com

*Counsel for Plaintiff Edward D. Hozza, III, and the Proposed Class*

Dated: March 17, 2022        By: _____

William W. Cheney, III (NJ ID# 023102009)
John D. Shea (NJ ID# 030812005)
**FREEMAN MATHIS & GARY, LLP**
3 Executive Campus
Suite 350
Cherry Hill, New Jersey 08002
Tel: (856) 406-1268
wcheney@fmglaw.com
jshea@fmglaw.com

*Counsel for Defendant PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDWARD D. HOZZA, III, on behalf of himself all other persons similarly situated, | **Case No. 1:20-cv-04966** |
| Plaintiff, | **Honorable Renée Marie Bumb, U.S.D.J.** |
| vs. | |
| PRIMOHOAGIES FRANCHISING, INC. | **Honorable Matthew J. Skahill, U.S.M.J.** |
| Defendant. | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING THE PROPOSED CLASS ACTION SETTLEMENT, SCHEDULING HEARING FOR FINAL APPROVAL THEREOF AND APPROVING THE PROPOSED FORM AND PLAN OF CLASS NOTICE

Plaintiff Edward D. Hozza, III ("Plaintiff") on behalf of the Settlement Class, having applied for an order preliminarily approving the proposed settlement ("Settlement") of this Action against Defendant PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies ("PrimoHoagies") in accordance with the Stipulation and Agreement of Settlement dated March 17, 2022 (the "Settlement Agreement"), between Plaintiff and PrimoHoagies, the Court having read and considered the memorandum of law in support of this Motion, the Settlement Agreement,

1

accompanying documents and exhibits, and the record herein, and Plaintiff and PrimoHoagies (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, on this _____ day of _____, 2022, upon application of the Parties,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.    Unless otherwise defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2.    The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto and the Settlement contained therein and that is has personal jurisdiction over Plaintiff, PrimoHoagies, and all Settlement Class Members.

3.    The Court finds that the applicable provisions of Rules 23(a), 23(b)(3), and 23(e) of the Federal Rules of Civil Procedure have been satisfied and that the Court will likely be able to approve the Settlement and certify the Settlement Class for purposes of judgment.

4.    For purposes of the Settlement only, the Court conditionally certifies the following Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3):

All Persons in the United States whose Payment Card information was used to make an online order with PrimoHoagies during the Data Breach that PrimoHoagies made public on April 17, 2020.

Excluded from the Class are (i) PrimoHoagies and its employees, franchisees, franchisees' employees, agents, affiliates, parents, and subsidiaries, whether or not named in the Class Action Complaint in this Action (ECF No. 1); (ii) all Settlement Class Members who timely and validly opt-out from the Settlement Class; (iii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff; and (iv) the attorneys representing the Parties in the Action.

5.      Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Federal Rules of Civil Procedure 23(a) and (b)(3), are satisfied in that:

a. the Settlement Class is so numerous that joinder of all members is impracticable;

b. there are questions of law or fact common to the Settlement Class;

c. the claims of Plaintiff are typical of those of Settlement Class Members;

d. Plaintiff and Class Counsel (defined below) fairly and adequately represent the Settlement Class;

e. common issues predominate over any individual issues affecting Settlement Class Members; and

f. settlement of the Action on a class action basis is superior to other means of resolving this matter.

3

6.     The terms of the Settlement Agreement are hereby preliminarily approved. The Court finds that the Settlement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

7.     The Court appoints Edward D. Hozza, III to serve as class representative for settlement purposes only on behalf of the Settlement Class.

8.     The Court appoints Lowey Dannenberg, P.C. as Class Counsel for settlement purposes only, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

9.     The Court appoints Angeion Group as Settlement Administrator for purposes of the Settlement.

10.     A hearing will be held on a date of the Court's convenience on or after _____, 2022 at _____ [a.m./p.m.] (at least 250 days after entry of this Order) in Courtroom 3D of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Fairness Hearing"). The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to Settlement Class Members, other

than that which may be posted at the Court or on the Settlement website at
www.hoagiesettlement.com (the "Settlement Website").

11.    The Court reserves the right to approve the Settlement at or after the
Fairness Hearing with such non-substantive modifications as may be consented to
by the Parties and without further notice to the Settlement Class.

12.    All proceedings in this Action as to PrimoHoagies, other than such
proceedings as may be necessary to implement the proposed Settlement or to
effectuate the terms of the Settlement Agreement, are hereby stayed and suspended
until further order of this Court.

13.    All Settlement Class Members and their legally authorized
representatives, unless and until they have submitted a valid request to opt out or
exclude themselves from the Settlement Class (hereinafter, "Request for
Exclusion"), are hereby preliminarily enjoined (i) from filing, commencing,
prosecuting, intervening in, or participating as a plaintiff, claimant, or class member
in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in
any jurisdiction based on the Released Claims; (ii) from filing, commencing, or
prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding
as a class action on behalf of any Settlement Class Members (including by seeking
to amend a pending complaint to include class allegations or seeking class
certification in a pending action), based on the Released Claims; and (iii) from

5

attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

14.    No later than forty-five (45) days after entry of this Order (hereinafter, the "Notice Date"), the Settlement Administrator will commence sending copies of the summary notice, in the forms (without material variation) of Exhibits 3 and 5 to the Declaration of Christian Levis dated March 17, 2022 ("Levis Decl."), by email (or if email is unavailable by mailed postcard) to Settlement Class Members, and publish a Press Release in the form (without material variation) of Exhibit 6 to the Levis Decl., as described in the proposed Notice Plan. The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement. The email will provide a link to the Settlement Website for Settlement Class Members to access the long form notice and Proof of Claim and Release, in the form (without material variation) of Exhibits 4 and 7 to the Levis Decl.  The postcard will include the URL for the Settlement Website.

15.    Beginning no later than the Notice Date, the Settlement Administrator shall create and maintain the Settlement Website, www.hoagiesettlement.com, until the termination of the administration of the Settlement.

16.    The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked

6

questions, along with an option permitting callers to leave messages in a voicemail box.  The Settlement Administrator shall also maintain an email address to receive and respond to correspondence from Settlement Class Members.

17.    The Court approves in form and substance the Notice Plan and the forms of Class Notice reflected in the proposed long form and short form notices, postcard, Press Release, and the Proof of Claim and Release attached as Exhibits 3-7 to the Levis Decl. The Notice Plan and forms of Class Notice (i) are the best notice practicable under the circumstances; (ii) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency and status of this Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfy all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable rules or laws. Non-substantive modifications to the forms of Class Notice may be made without further order of the Court.

18.    No later than seventy-five (75) days after the Notice Date, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 14-16 of this Order.

19.    Any Settlement Class Member that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application

7

for attorneys' fees and expenses, Incentive Awards, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Class Counsel and PrimoHoagies' Counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be considered by the Court unless, not later than ninety (90) days after the Notice Date, the Settlement Class Member files with the Court (and serves the same on or before the date of such filing by hand or mail on Class Counsel and PrimoHoagies' Counsel) at the addresses in the Class Notice a statement of the objection, as well as the specific legal and factual reasons for each objection, including all support that the objecting Settlement Class Member wishes to bring to the Court's attention and all evidence the objecting Settlement Class Member wishes to introduce in support of the Settlement Class Member's objection or motion. Such submission must contain: (i) the objector's full name, address, telephone number, and e-mail address; (ii) the case name and case number; (iii) information identifying the objector as a Settlement Class Member, including documentation demonstrating that the objector is within the definition of the Settlement Class; (iv) a written statement of specific legal and factual basis for each objection, including whether the objection applies only to the objecting person, a specific subset of the Settlement Class or the entire

8

Settlement Class; (v) a description of any and all evidence the objecting person may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses and all exhibits intended to be introduced at the Fairness Hearing; (vi) the identity of all counsel representing the objector (if any); (vii) a statement whether the objector and/or their counsel will appear at the Final Fairness Hearing; (viii) the objector's signature and (if applicable) the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (ix) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last five (5) years.

20.    Any objection to the Settlement submitted by a Settlement Class Member pursuant to paragraph 19 of this Order must be signed by the Settlement Class Member (and if applicable his, her, or its legally authorized representative), even if the Settlement Class Member is represented by counsel. The right to object to the proposed Settlement or to intervene must be exercised individually by the Settlement Class Member and not as a member of a group, class, or subclass, except that such objections may be submitted by the Settlement Class Member's legally authorized representative.

21.     Any Settlement Class Member who fails to comply with the requirements for objecting in writing described in paragraphs 19-20 of this Order: shall be deemed to have waived and forfeited any and all rights the Settlement Class Member may have to appear separately and/or to object to the Settlement Agreement; shall be forever barred from raising such objection or seeking to intervene in this or any other action or proceeding related to or arising out of the Settlement; and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. Any challenge to the Settlement Agreement, the Final Approval Order approving this Settlement Agreement, or the Final Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

22.     If a person in the Settlement Class who objects to the Settlement also submits a Request for Exclusion, either before or after the objection, the objection will be deemed withdrawn and void, unless such Person send notice to the Settlement Administrator withdrawing the Person's Request for Exclusion prior to the deadline to the deadline for filing objections.

23.     All objectors shall make themselves available to be deposed by any Party in the District of New Jersey or the county of the objector's residence or

principal place of business within seven (7) days of service of the objector's timely written objection.

24.     Discovery concerning any purported objections to the Settlement shall be completed no later than thirty (30) days after the deadline for objections. Class Counsel, PrimoHoagies' Counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than forty-five (45) days after the deadline for objections.

25.     Any Settlement Class Member who wishes to opt out of or be excluded from the Settlement Class must submit written Request for Exclusion to either (i) the designated post office box designated by the Settlement Administrator in the Class Notice postmarked no later than ninety (90) days after the Notice Date (the "Exclusion Bar Date") or (2) the designated email address established by the Settlement Administrator by 11:59 P.M. Eastern Time on the Exclusion Bar Date. The written notice must include: (a) the Settlement Class Member's full name; (b), the Settlement Class Member's address, telephone number and email address; (c) the name and number of the case; (d) the personal and original signature of the Class Member or a legally authorized representative, as well as proof of authorization to submit the Request for Exclusion if submitted by an authorized representative; and (e) a clear statement that the Class Member wishes to be excluded from the Settlement Class for purposes of this Settlement

26.    The right to be excluded from the proposed Settlement must be exercised individually by the Settlement Class Member or by the Settlement Class Member's authorized representative, even if the Settlement Class Member is represented by counsel, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by the Settlement Class Member's legally authorized representative.  A Request for Exclusion shall not be effective unless it provides all of the required information in paragraph 25, complies with this paragraph 26 and is either postmarked or emailed by the Exclusion Bar Date. The Parties may seek discovery, including by subpoena, from any Settlement Class Member who submits a Request for Exclusion.

27.    Any Settlement Class Member who does not submit a timely and valid written Request for Exclusion shall be bound by the terms of the Settlement Agreement, including the release contained therein, all proceedings, orders, and judgments in the Action, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, even if such Settlement Class Member never received actual notice of the Action or the proposed Settlement, and regardless of whether the Settlement Class Member files a Proof of Claim and Release or receives any benefits from the Settlement.

28.    If a Person submits both a Proof of Claim and Release and a Request for Exclusion, the Settlement Administrator will advise such person via e-mail, unless there is no email address for the claimant in which case the notification shall be via mail, and request that the Person withdraw either the Proof of Claim and Release or the Request for Exclusion.  If such Person does not withdraw the Proof of Claim and Release or the Request of Exclusion within the allotted time frame provided by the Settlement Administrator or prior to the deadline to Request for Exclusion, whichever is earlier, the Person will be deemed to have waived and withdrawn the Request for Exclusion and shall be treated as a Settlement Class Member for all purposes.

29.    Settlement Class Members that submit valid and timely Requests for Exclusion shall not receive any benefits of and shall not be bound by the terms of the Settlement Agreement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their right to independently pursue any claims they may have against PrimoHoagies.

30.    The Settlement Administrator shall furnish Class Counsel and PrimoHoagies' Counsel with copies of any and all objections, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within one (1) business day of receipt.

31.     Within ten (10) business days following the Exclusion Bar Date, the Settlement Administrator shall prepare an opt-out list identifying all Settlement Class Members, if any, that submitted a timely and valid Request for Exclusion and a declaration attesting to the accuracy of the opt-out list. The Settlement shall provide Class Counsel and PrimoHoagies' Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion, within one (1) business day after receipt by the Settlement Administrator.  Class Counsel shall file the opt-out list and the declaration of the Settlement Administrator attesting to the accuracy of such list with the Court.

32.     All Proofs of Claim and Release shall be submitted by Settlement Class Members to the Settlement Administrator as directed in the Class Notice no later than ninety (90) days after the Notice Date (the "Claims Filing Deadline").

33.     The Settlement Administrator shall promptly process and review all Proofs of Claims and Release for timeliness and eligibility to participate in the Settlement per the terms of the Settlement Agreement.

34.     To effectuate the Settlement and the Notice Plan, in accordance with the terms of this Order and the terms of the Settlement Agreement, the Settlement Administrator shall be responsible for: (a) establishing a post office box (to be identified in the long form notice, the summary notice and on the Settlement

14

Website), an email address, a toll-free interactive voice response telephone system, and a Settlement Website for purposes of communicating with Settlement Class Members; (b) effectuating the Notice Plan, including running Settlement Class Members' email addresses through a deliverability analysis to ensure the email addresses are valid; (c) accepting and maintaining documents sent from Settlement Class Members, including Proofs of Claim and Release, and other documents relating to the Settlement and its administration; (d) determining the timeliness and validity of each Proof of Claim and Release submitted by Settlement Class Members; (e) corresponding with Settlement Class Members regarding any deficiencies in their Proofs of Claim and Release; (f) calculating and distributing each Authorized Claimant's Settlement Relief; (g) determining the timeliness and validity of all Requests for Exclusion received from Settlement Class Members; (h) preparing the opt-out list and a declaration attaching and attesting to the accuracy of such list, and providing the same to Class Counsel and PrimoHoagies' Counsel; and (i) providing Class Counsel and PrimoHoagies' Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests).

35.   All Class Notice and Settlement Administration Costs shall be borne by PrimoHoagies, pursuant to the Settlement Agreement.

36.   The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after

15

distribution of the Settlement Relief to Authorized Claimants and shall maintain a copy of all electronic communications related to the Settlement for a period of two (2) years after the distribution, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

37.     The Court preliminarily approves the establishment of the Escrow Account defined in the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

38.     Neither the Settlement Agreement, whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by PrimoHoagies or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a class other than solely for the purposes of the Settlement. Further any negotiations, non-public documents, and non-public discussions associated with the Settlement are not discoverable and may not be used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute

16

under the Settlement Agreement or an action in which such documents are asserted as a defense.  All rights of Plaintiff and PrimoHoagies are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

39.   Class Counsel shall file their motions for payment of attorneys' fees and expenses, Incentive Awards, and final approval of the Settlement no later than seventy-five (75) days after the Notice Date.

40.   If the Settlement is approved by the Court following the Fairness Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreement.

41.   The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Settlement Class Members, other than which may be posted at the Court or on the Settlement Website.

42.   In the event that the Settlement is terminated in accordance with its provisions, Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties.

17

43.     If the Settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

44.     The Court's preliminary certification of the Settlement Class, appointment of Plaintiff as class representatives, and findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any motion to certify any class in the Action, or appoint class representatives, and no Person may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

45.     Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

46.     The schedule of events should occur as follows:

| Event | Date |
|-------|------|
| Class Notice commences | No later than forty-five (45) days after entry of this Preliminary Approval Order (the "Notice Date") |
| Deadline to file Settlement Administrator's Declaration regarding implementation of Notice Plan | No later seventy-five (75) days after the Notice Date |

| Event | Date |
|---|---|
| Deadline to file Motion for Final Approval of the Settlement | No later than seventy-five (75) days after the Notice Date. |
| Motion for Attorneys' fees, reimbursement of costs and expenses, and service awards to be filed by Class Counsel | No later than seventy-five (75) days after the Notice Date. |
| Postmark/Email Deadline for Requests for Exclusion (Opt-Outs) | No later than ninety (90) days after the Notice Date ("Exclusion Bar Date"). |
| Filing and Service Deadline for Objections | No later than ninety (90) days after the Notice Date. |
| Claim Filing Deadline | No later than ninety (90) days after the Notice Date. |
| Deadline to File Opt-Out List and Settlement Administrator Declaration | No later than ten (10) business days after Exclusion Bar Date |
| Deadline to Complete Discovery Concerning Objections | No later than thirty (30) days after the Deadline for Objections. |
| Deadline to File Oppositions to Objections | No later than forty-five (45) days after the Deadline for Objections. |
| Deadline to File Settlement Administrator Declaration to Distribute the Claims Payments | As soon as practicable but no later than seven (7) days prior to the Fairness Hearing. |
| Fairness Hearing | At least two hundred fifty (250) days after entry of the Preliminary Approval Order. |

**IT IS SO ORDERED.**

Date: _____, 2022.

_____
HON. RENÉE MARIE BUMB, U.S.D.J.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDWARD D. HOZZA, III, on behalf of himself all other persons similarly situated, | **Case No. 1:20-cv-04966** |
| Plaintiff,<br>vs. | **Honorable Renée Marie Bumb, U.S.D.J.** |
| PRIMOHOAGIES FRANCHISING, INC.<br>Defendant. | **Honorable Matthew J. Skahill, U.S.M.J.** |

## [PROPOSED] FINAL APPROVAL ORDER OF SETTLEMENT WITH PRIMOHOAGIES FRANCHISING, INC.

This matter came before the Court for a duly noticed hearing on _____, 2022 (the "Fairness Hearing"), upon Plaintiff Edward D. Hozza, III ("Plaintiff") Motion for Final Approval of the Class Action Settlement with Defendant PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies ("PrimoHoagies"), which was consented to by PrimoHoagies (together with Plaintiff, the "Parties"). Due and adequate notice of the Stipulation and Agreement of Settlement with PrimoHoagies dated March 17, 2022 (the "Settlement Agreement") having been given to Settlement Class Members, the Fairness Hearing having been held and the

1

Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.     This Final Approval Order hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2.     For purposes only of the settlement of the Released Claims as to the Released Parties set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class, as defined in the Court's _____, 2022 Order Preliminarily Approving the Proposed Class Action Settlement, Scheduling Hearing for Final Approval Thereof and Approving the Proposed Form and Plan of Class Notice (the "Preliminary Approval Order").  ECF No. ____. Based on the record, the Court reconfirms the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

3.     In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all Settlement Class Members

is impracticable, Fed. R. Civ. P. 23(a)(1); (ii) common questions of law and fact exist with regard to the Settlement Class, Fed. R. Civ. P. 23(a)(2); (iii) Plaintiff's claims in this litigation are typical of those of Settlement Class Members, Fed. R. Civ. P. 23(a)(3); and (iv) Plaintiff's interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members, all of whose claims arise from the identical factual predicate, and Plaintiff and Plaintiff's Counsel have adequately represented the interests of all Settlement Class Members, Fed. R. Civ. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Fed. R. Civ. P. 23(b)(3).

4.     This Court has personal jurisdiction over Plaintiffs, PrimoHoagies (in this Action only and for purposes of this Settlement), and all Settlement Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto under 28 U.S.C. § 1332(d)(2).

5.     The Court finds that the Class Notice, website, and Notice Plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, of their right to exclude themselves from

3

or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of Plaintiff's Counsel's application for an award of attorneys' fee and expenses, and of Plaintiff's application for an Incentive Award associated with the Action; (c) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.

6.      The Court finds that _____ (__) Settlement Class Members have validly requested to be excluded from the Settlement Class as it relates to the Settlement. The excluded Settlement Class Members are identified at ECF No. ___, Exhibit _.  The excluded Settlement Class Members shall have no rights with respect to the Settlement Agreement, shall receive no payment from the sums provided for in the Settlement Agreement, and shall be deemed to have excluded themselves from the Action as against PrimoHoagies.

7.      The Court finds that _____ (__) timely objections to the proposed Settlement have been submitted.  Notwithstanding the lack of timely objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement.

4

8.     It is hereby determined that all Settling Class Members and PrimoHoagies are bound by the Settlement Agreement and this Final Approval Order, and the Action and Released Claims against any of the Released Parties, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released.

9.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement. This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiff.  This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Plaintiff's Counsel and Plaintiff adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement treats Settlement Class members equitably relative to each other.  Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects.  The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10.     Notwithstanding the entry of this Final Approval Order, if the Settlement Agreement is validly terminated by Plaintiff or PrimoHoagies, is disapproved or materially modified in whole or in part by the Court, any appellate court, or any other court of review, or does not become final, then the provisions of this Final Approval Order dismissing Plaintiff's claims shall be null and void with respect to such Settlement; Plaintiff's claims shall be reinstated; PrimoHoagies' defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions as of the Execution Date of the Settlement Agreement. Notwithstanding the language in this Paragraph, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

11.     The Escrow Account defined in the Settlement Agreement shall be established as a trust and as a fiduciary account (the "Settlement Fiduciary

6

Account"). The Court approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, and the Treasury Regulations promulgated thereunder.

12.    Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order.  The Court also retains exclusive jurisdiction over the Settlement, the Settlement Agreement, enforcement of Court orders relating to the Settlement and the Settlement Agreement, and the administration and consummation of the Settlement.  In addition, without affecting the finality of this Final Approval Order, Plaintiff, PrimoHoagies, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the U.S. District Court for the District of New Jersey for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreement. Any disputes involving Plaintiff, PrimoHoagies, or Settlement Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

13.    Each Settling Class Member must execute a release and covenant not to sue in conformity with the Settlement Agreement, set forth in the Proof of Claim

and Release form, in order to receive any Settlement Relief defined in the Settlement Agreement.  Notwithstanding the foregoing, each Settling Class Member's claim shall be released pursuant to Section 9 of the Settlement Agreement, regardless of whether the Settling Class Member executes a release and covenant not to sue pursuant to this paragraph.

14.    The Court hereby confirms the appointment of Angeion Group as Settlement Administrator.

15.    The Court hereby approves the Releasing Parties' release of their Released Claims as set forth in the Settlement Agreement and this Final Approval Order as of the Effective Date.[1]

---

[1] The release under the Settlement Agreement provides as follows:

(A) Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.  Further, upon the Effective Date, and to the fullest extent permitted by law, the Releasing Parties shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

(B) The Releasing Parties shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of Unknown Claims.  Plaintiff, for himself and on behalf of Settling Class Members, shall be deemed to relinquish, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, including Cal. Civ. Code § 1542 or any law which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

16.    As of the Effective Date as defined in the Settlement Agreement, the release set forth in the Settlement Agreement shall be binding upon Plaintiff and the Settlement Class as to PrimoHoagies and the Released Parties.

17.    The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against PrimoHoagies involving Released Claims(s), and shall also be binding on the their respective successors and assigns, regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or the Settlement.

18.    The Court permanently bars and enjoins Releasing Parties from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against PrimoHoagies or any of the Released Parties

---

Plaintiff acknowledges, and Settling Class Members by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of the Plaintiff, and by operation of law, Settling Class Members, to completely, fully, finally and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

(C) For the avoidance of doubt, by entering into this Agreement, neither PrimoHoagies nor any other Released Party shall have or shall be deemed to have released, relinquished, or discharged any claim or defense against any Person responsible for or otherwise involved in the Data Breach.

based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against PrimoHoagies or any of the Released Parties based on the Released Claims; or (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against PrimoHoagies or any of the Released Parties based on the Released Claims.

19.     Neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among Plaintiff's Counsel and PrimoHoagies in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by PrimoHoagies or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a class other than solely for purposes of the

Settlement. Further, the Settlement negotiations, including any documents exchanged among Plaintiff's Counsel and PrimoHoagies and any discussions associated with them, may not be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

20. Any data or other information provided by Settling Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Plaintiff's Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a Settling Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

21. The Proof of Claim and Release form referenced in Section 1(HH) of the Settlement Agreement is approved as fair, reasonable, and adequate.

11

22.     Plaintiff's Counsel's request for attorneys' fees and expenses and Plaintiff's application for an Incentive Award shall be the subject of a separate order by the Court.


**IT IS SO ORDERED.**

Date: _____, 2022.

_____

HON. RENÉE MARIE BUMB, U.S.D.J.

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD D. HOZZA, III, on behalf of himself all other persons similarly situated,<br><br>      Plaintiff,<br>vs.<br><br>PRIMOHOAGIES FRANCHISING, INC.<br>      Defendant. | **Case No. 1:20-cv-04966**<br><br><br>**Honorable Renée Marie Bumb, U.S.D.J.**<br><br>**Honorable Matthew J. Skahill, U.S.M.J.** |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL OF PRIMOHOAGIES FRANCHISING, INC.

This matter came before the Court for a duly noticed hearing on _____, 2022 (the "Fairness Hearing"), upon Plaintiff Edward D. Hozza, III ("Plaintiff") Motion for Final Approval of the Class Action Settlement with Defendant PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies ("PrimoHoagies"), which was consented to by PrimoHoagies (together with Plaintiff, the "Parties"). The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1

1.     This Final Judgment hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement with PrimoHoagies dated March 17, 2022 (the "Settlement Agreement"), and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2.     The Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) to enter this Final Judgment and that it has personal jurisdiction over Plaintiffs, PrimoHoagies (in this Action only and for purposes of this Settlement), and all Settlement Class Members.

3.     Upon the Settlement Agreement becoming effective in accordance with its terms, all of the following claims shall be released. Specifically:

(A)    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, the Releasing Parties shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

(B)    The Releasing Parties shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of Unknown Claims.  Plaintiff, for himself and on behalf of Settling Class Members,

2

shall be deemed to relinquish, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, including Cal. Civ. Code § 1542 or any law which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff acknowledges, and Settling Class Members by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of the Plaintiff, and by operation of law, Settling Class Members, to completely, fully, finally and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

(C)    For the avoidance of doubt, by entering into this Agreement, neither PrimoHoagies nor any other Released Party shall have or shall be deemed to have released, relinquished, or discharged any claim or defense against any Person responsible for or otherwise involved in the Data Breach.

4.    The Action and all Released Claims against PrimoHoagies and the Released Parties are hereby dismissed with prejudice and without fees or costs, other than as specified in the Settlement Agreement, including Class Notice and Settlement Administration Costs, and any awards concerning the payment of attorneys' fees, expenses, and an Incentive Award.

3

5.     The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to PrimoHoagies shall be final and entered forthwith.

**IT IS SO ORDERED.**

Date: _____, 2022.

_____
HON. RENÉE MARIE BUMB, U.S.D.J.

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
*Hozza v. Primohoagies Franchising, Inc. d/b/a Primohoagies*,
Case No. 1:20-cv-04966

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, [DATE], 2022 FAIRNESS HEARING THEREON AND CLASS MEMBERS' RIGHTS

**This Notice of Proposed Class Action Settlement, [DATE], 2022 Fairness Hearing Thereon and Class Members' Rights ("Notice") is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"). It is not junk mail, an advertisement, or a solicitation from a lawyer. You have not been sued.**

***PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROCEEDINGS IN THE ABOVE-CAPTIONED ACTION ("ACTION"). THIS NOTICE ADVISES YOU OF YOUR RIGHTS AND OPTIONS WITH RESPECT TO THIS ACTION, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE PROCEEDS OF THE SETTLEMENT. TO CLAIM YOUR SHARE OF THE SETTLEMENT, YOU MUST ELECTRONICALLY SUBMIT YOUR PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") ON OR BEFORE [DATE] OR MAIL YOUR CLAIM FORM TO THE ADDRESS IN QUESTION 11 SO THAT IT IS POSTMARKED NO LATER THAN [DATE].***

TO:   ALL PERSONS IN THE UNITED STATES WHOSE PAYMENT CARD INFORMATION WAS USED TO MAKE AN ONLINE ORDER WITH PRIMOHOAGIES BETWEEN JULY 15, 2019 AND FEBRUARY 18, 2020.

The purpose of this Notice is to inform you of a proposed settlement in this Action (the "Settlement") with Defendant PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies ("Defendant" or "PrimoHoagies"). Plaintiff entered into the Settlement Agreement with PrimoHoagies on March 17, 2022.

You are receiving this Notice because your debit, credit, charge, prepaid, ATM, or point of sale ("POS") card (collectively, "Payment Card") information may have been accessed during a third-party, external criminal cyberattack incident that PrimoHoagies disclosed on April 17, 2020, which targeted PrimoHoagies' online payment platform between July 15, 2019 and February 18, 2020 (the "Data Breach Period").

**Please do not contact the Court regarding this Notice.** Inquiries concerning this Notice, the Claim Form, or any other questions by Class Members should be directed to:

PrimoHoagies Data Breach Class Action Settlement
c/o **[Settlement Administrator]**
P.O. Box XXXXXX
[City, State ZIP Code]
Tel: XXXX
Email: XXXXX
Website: www.hoagiesettlement.com

The Court has preliminarily approved the Settlement with PrimoHoagies. To resolve all Released Claims against all Released Parties, PrimoHoagies has agreed to provide Class Members certain Settlement Relief. Class Members who submit a valid Claim Form may be entitled to one or more of the following Settlement Relief: (1) credit monitoring services for one (1) year (valued at $119.40/year); (2) reimbursement of up to $120.00 for certain documented out-of-pocket charges expenses incurred as a result of or after a fraudulent charge on a Payment Card, after that Payment Card was used at PrimoHoagies; and/or (3) reimbursement of $7.50 for lost time and effort expended as a result of a documented fraudulent charge incurred on a Payment Card after that Payment Card was used at PrimoHoagies. Class Members that do not opt out of the Settlement will release their claims against PrimoHoagies in the Action.

The following table contains a summary of your rights and options regarding the Settlement. More detailed information about your rights and options can be found in the Settlement Agreement, which is available at www.hoagiesettlement.com (the "Settlement Website").

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive Settlement Relief (*see* question 10) is to complete and submit a timely and valid Claim Form electronically by no later than **[DATE]**, or to mail your Claim Form so that it is postmarked no later than **[DATE]**. *See* question 11. |

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **REQUEST TO BE EXCLUDED FROM THE SETTLEMENT** | If you wish to exclude yourself from the Settlement, you must submit a written request by **[DATE]**. If you exclude yourself, you will not be bound by the Settlement, if approved, or the Settlement release, and you will not be eligible for any Settlement Relief. *See* questions 16 - 20. |
| **OBJECT TO THE SETTLEMENT** | If you wish to object to the Settlement, you must file a written objection with the Court and serve copies on Plaintiff's Counsel and PrimoHoagies' Counsel by **[DATE]**. You must be and remain a Settlement Class Member to object. *See* questions 21 and 22. |
| **GO TO THE FAIRNESS HEARING** | You may ask the Court for permission to speak about the Settlement at the Fairness Hearing by including such a request in your written objection, which you must file with the Court and serve on Plaintiff's Counsel and PrimoHoagies' Counsel by **[DATE]**. The Fairness Hearing is scheduled for **[DATE]**. *See* questions 25 - 27. |
| **APPEAR THROUGH AN ATTORNEY** | You may enter an appearance through your own counsel at your own expense. *See* question 27. |
| **DO NOTHING** | If you do nothing in connection with this Settlement, you will not receive credit monitoring services or reimbursement for out-of-pocket charges expenses or for lost time and effort expended and you will be bound by past and any future Court rulings, including rulings on the Settlement, if approved, and the Settlement release. See question 15. |

These rights and options, and the deadlines to exercise them are explained in this Notice. The capitalized terms used in this Notice are explained or defined below or in the Settlement Agreement, which is available on the Settlement Website, www.hoagiesettlement.com.

3

The Court appointed Christian Levis, Anthony M. Christina, and Amanda G. Fiorilla of Lowey Dannenberg, P.C., 44 South Broadway, Suite 1100, White Plains, NY 10601 as Class Counsel to represent you and the Settlement Class in this Action.  If you want to be represented by your own lawyer, you may hire one at your own expense. Please regularly visit the Settlement Website www. hoagiesettlement.com for updates relating to the Settlement.

# <u>WHAT THIS NOTICE CONTAINS</u>

BASIC INFORMATION ...................................................................................7

   1.   What Is A Class Action Lawsuit? ...........................................................7

   2.   Why Did I Get This Notice? ...................................................................7

   3.   What Are The Definitions Used In This Notice?.....................................7

   4.   What Is This Action About?.....................................................................8

   5.   What Is The History Of This Action? ......................................................9

   6.   Why Is There A Settlement? .................................................................10

WHO IS PART OF THE SETTLEMENT ......................................................10

   7.   How Do I Know If I Am A Class Member? ..........................................10

   8.   Are There Exceptions To Being Included In The Settlement Class? .........11

   9.   I'm Still Not Sure If I Am Included. .....................................................11

THE SETTLEMENT RELIEF .......................................................................11

   10.   What Does The Settlement Provide? .....................................................11

   11.   How Will I Get My Settlement Relief?...................................................13

   12.   When Will I Receive My Settlement Relief?..........................................14

   13.   What Do I Have To Do After I Submit A Claim Form?............................14

   14.   What Am I Giving Up To Receive My Settlement Relief? ......................15

   15.   What If I Do Nothing?...........................................................................16

EXCLUDING YOURSELF FROM THE SETTLEMENT ..................................16

   16.   What If I Do Not Want to be in the Settlement Class? ..............................16

   17.   How Do I Exclude Myself?....................................................................17

   18.   If I Do Not Exclude Myself, Can I Sue PrimoHoagies for the Same Thing Later? ....................................................................................................18

   19.   If I Exclude Myself, Can I Receive Any Settlement Benefits From The Settlement?.............................................................................................18

   20.   If I Exclude Myself From The Settlement, Can I Still Object? .................18

OBJECTING TO THE SETTLEMENT.............................................................18

   21.   How Do I Tell The Court What I Think About The Settlement? ..............18

   22.   What Is The Difference Between Objecting And Excluding Myself? .......19

THE LAWYERS REPRESENTING YOU ............................................................20

23.   Do I Have A Lawyer In This Case? ..............................................20

24.   How Will The Lawyers Be Paid?..................................................20

THE COURT'S FAIRNESS HEARING ..........................................................21

25.   When And Where Will The Court Decide Whether To Approve The
Settlement?.......................................................................................21

26.   Do I Have To Come To The Fairness Hearing? ...........................21

27.   May I Speak At The Fairness Hearing? ........................................21

GETTING MORE INFORMATION................................................................22

28.   How Do I Get More Information?.................................................22

## BASIC INFORMATION

### 1.     What Is A Class Action Lawsuit?

A class action is a lawsuit in which one or more representative plaintiffs (in this case, Plaintiff) bring a lawsuit on behalf of themselves and other similarly situated persons (*i.e.*, a class) who have similar claims against the defendants. The representative plaintiff, the court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented.

Importantly, class members are NOT individually responsible for payment of attorneys' fees or litigation expenses.  In a class action, attorneys' fees and litigation expenses are paid from the settlement fund, the court-awarded judgment amount, or, as in this case, directly by the defendants, and such payment must be approved by the court.  If there is no recovery on behalf of the class, the attorneys do not get paid.

When a representative plaintiff enters into a settlement with a defendant on behalf of a class, such as in this Settlement with PrimoHoagies, the court will require that the members of the class be given notice of the settlement and an opportunity to be heard with respect to the settlement.  The court then conducts a hearing (called a Fairness Hearing) to determine, among other things, if the settlement is fair, reasonable, and adequate.

### 2.     Why Did I Get This Notice?

You received this Notice because you requested it or records indicate that you may be a Class Member. As a potential Class Member, you have a right to know about the proposed Settlement with PrimoHoagies before the Court decides whether to approve the Settlement.

This Notice explains the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how you can apply to receive your portion of the benefits if you are eligible. The purpose of this Notice is also to inform you of the Fairness Hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, and to consider requests for awards of attorneys' fees and litigation expenses, and any Incentive Award for Plaintiff.

### 3.     What Are The Definitions Used In This Notice?

This Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement with PrimoHoagies (the "Settlement Agreement").

The Settlement Agreement and the Court's Preliminary Approval Order are posted on the Settlement Website. All capitalized terms used in this Notice, but not otherwise defined, shall have the same meanings as in the Settlement Agreement and the Court's Preliminary Approval Order.

**4.    What Is This Action About?**

Plaintiff brought this Action against PrimoHoagies, a company which operates a chain of sandwich restaurants. PrimoHoagies also has an e-commerce online payment platform on its website which allows customers to place orders for pickup or delivery from a PrimoHoagies restaurant location. This Action arises out of a third-party, external criminal cyberattack incident that PrimoHoagies disclosed on April 17, 2020, which targeted PrimoHoagies' online payment platform between July 15, 2019 and February 18, 2020 (the "Data Breach"). Plaintiff alleges that the Data Breach caused consumers' information, including at least names, addresses, Payment Card numbers, expiration dates, and security codes, to be exposed.

The lawsuit claims that PrimoHoagies was responsible for the Data Breach, and asserts claims for negligence, negligence *per se*, breach of implied contract, and various consumer protection claims under the laws of Pennsylvania and New Jersey. The lawsuit seeks compensation for people whose information was exposed in the Data Breach and have been injured as a result.

PrimoHoagies disputes Plaintiff's allegations and denies any wrongdoing or that it violated any law. PrimoHoagies further maintains that it has good and meritorious defenses to Plaintiff's claims and would prevail if the case were to proceed. Nevertheless, to avoid further expense, inconvenience, and distraction of burdensome and protracted litigation, PrimoHoagies has agreed to settle the claims in this lawsuit, and to provide certain Settlement Relief. Class Members who submit a valid Claim Form may be entitled to one or more of the following Settlement Relief: (1) credit monitoring services for one year; (2) reimbursement of up to $120.00 for certain documented out-of-pocket costs and expenses incurred as a result of or after a fraudulent charge on a Payment Card, after that Payment Card was used at PrimoHoagies; and/or (3) reimbursement for $7.50 for lost time and effort expended as a result of a documented fraudulent charge incurred on a Payment Card, after that Payment Card was used at PrimoHoagies.

If the Settlement is approved, the Action will be resolved against PrimoHoagies. If the Settlement is not approved, the Action will continue, and Plaintiff will continue to pursue their claims against PrimoHoagies.

### 5.     What Is The History Of This Action?

On April 23, 2020, Plaintiff initiated this Action by filing a class action complaint on behalf of a class of persons allegedly harmed as a result of PrimoHoagies' alleged failure to safeguard and protect its customers' highly sensitive and personal Payment Card information.  ECF No. 1.

On June 4, 2020, PrimoHoagies filed a pre-motion letter setting forth its reasons the Court should dismiss the Complaint for lack of Article III standing and failure to state a claim.  ECF No. 11.  On June 11, 2020, Plaintiff filed a response in opposition to PrimoHoagies arguments seeking to dismiss this action.  ECF No. 12.  On June 23, 2020 and August 6, 2020, the Court held pre-motion conferences concerning PrimoHoagies' request to file a motion to dismiss this action.  At the request of the Parties, the Court extended PrimoHoagies deadline to file its anticipated motion to dismiss due to ongoing settlement negotiations.

Beginning in September 2020, the Parties engaged in exhaustive and hard-fought settlement negotiations to resolve the Action.  Plaintiff and PrimoHoagies initially participated in settlement conferences with the now retired Hon. Joel Schneider on October 14, 2020, November 2, 2020, November 23, 2020, and December 21, 2020, presenting arguments concerning each Party's view on liability and damages, and exchanging settlement proposals. The Parties continued their settlement negotiations with the assistance of the Hon. Matthew J. Skahill, Magistrate Judge for the District of New Jersey, preparing confidential settlement memoranda for Judge Skahill in advance of a settlement conference held on May 7, 2021.  Two more settlement conferences were held before Judge Skahill on June 23, 2021 and August 5, 2021, with each additional conference focusing on resolving the remaining issues and barriers to a settlement.

On August 9, 2021, the Parties informed the Court that a settlement in principle had been reached, ECF No. 39.  On August 12, 2021, the Court ordered a stay of all proceedings through September 27, 2021 and set a deadline of September 27, 2021 for Plaintiff to file a motion for preliminary approval of the settlement, which deadline was subsequently extended multiple times to February 17, 2022 by the joint request of the Parties.  *See* ECF Nos. 40, 42, 44, 46.  The Parties have negotiated the various terms of the Settlement Agreement.  The negotiations over the Settlement terms were difficult and at times contentious as the Parties worked to implement the details of the agreement they had reached in principle with Judge Skahill.  As a condition of the Settlement, PrimoHoagies provided confirmatory discovery to Plaintiff, including information to substantiate the size of the Settlement Class and

the adequacy of the relief offered by PrimoHoagies.  During this time, Plaintiff also issued a request for proposal from certain claims administrators to determine an appropriate administrator for this Settlement.  After a detailed review, Plaintiff and PrimoHoagies agreed to select Angeion Group as the Settlement Administrator. After several months of back-and-forth discussion regarding the Settlement terms and the confirmatory discovery, the Parties executed the Settlement Agreement on March 17, 2022.

### 6.    Why Is There A Settlement?

Plaintiff and Plaintiff's Counsel believe that Class Members have been damaged by PrimoHoagies's conduct.  PrimoHoagies denies the allegations made by Plaintiff and any wrongdoing, believes that it has meritorious defenses to Plaintiff's allegations, and believes that Plaintiff's claims would have been rejected prior to trial, at trial (had Plaintiff successfully certified a class and survived summary judgment motions), or on appeal.  As a result, PrimoHoagies believes Plaintiff would have received nothing if the litigation had continued to trial.

The Court has not decided in favor of either Plaintiff or PrimoHoagies.  Instead, Plaintiff's Counsel engaged in mediation with PrimoHoagies to reach a negotiated resolution of the Action.  The Settlement allows both sides to avoid the risks and costs of lengthy litigation and the uncertainty of pre-trial proceedings, a trial, and appeals, and, if approved, will permit eligible Class Members who file timely and valid Claim Forms to be eligible to receive credit monitoring services and/or reimbursements for out-of-pocket charges and expenses and lost time and effort, rather than risk ultimately receiving nothing.  Plaintiff and Plaintiff's Counsel believe the Settlement is in the best interest of all Class Members.

If the Settlement is approved, the Action will be resolved against PrimoHoagies. If the Settlement is not approved, PrimoHoagies will remain a defendant in the Action, and Plaintiff will continue to pursue their claims against PrimoHoagies.

### WHO IS PART OF THE SETTLEMENT

### 7.    How Do I Know If I Am A Class Member?

In the Preliminary Approval Order, the Court preliminarily approved the following Settlement Class:

> All Persons in the United States whose Payment Card information was used to make an online order with

PrimoHoagies during the Data Breach that PrimoHoagies made public on April 17, 2020.

Not everyone who fits this description will be a Class Member.  Please see question 8 for a discussion of exclusions from the Settlement Class.

### 8.      Are There Exceptions To Being Included In The Settlement Class?

Yes. Excluded from the Settlement Class are: (i) PrimoHoagies and its employees, franchisees, franchisees' employees, agents, affiliates, parents, and subsidiaries, whether or not named in the class action complaint in this Action; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff; and (iv) the attorneys representing the Parties in the Action.

### 9.      I'm Still Not Sure If I Am Included.

If you are still not sure whether you are included, you can ask for help.  You can call toll-free 1-xxx-xxx-xxxx (if calling from outside the United States or Canada, call 1-xxx-xxx-xxxx) or visit the Settlement Website, www.hoagiesettlement.com for more information.

### THE SETTLEMENT RELIEF

### 10.      What Does The Settlement Provide?

If the Settlement is approved, Class Members that submit a valid and timely Claim Form, together with the additional required supporting documentation (if any) described below, may be entitled to one or more of the following Settlement Relief:

Credit Monitoring. Class Members may elect to receive one year of credit monitoring services valued at $119.40.

Out-of-Pocket Cost Reimbursement. Class Members may be eligible for reimbursement of the following out-of-pocket expenses, not to exceed $120.00 per Class Member, that were incurred as a result of the Data Breach:

(a) Unreimbursed fraudulent charges incurred on Payment Cards used at PrimoHoagies, where the fraudulent charge(s) occurred during the Data Breach Period or up to five (5) months after the end of the Data Breach Period.

11

To be eligible, a Class Member must (1) complete the appropriate section of the Claim Form and attest thereon that they not aware of any other Person submitting a claim for reimbursement of the same out-of-pocket costs, and that the out-of-pocket costs claimed have not been reimbursed; (2) submit Documentation of a Fraudulent Charge, including the amount of the unreimbursed charge; (3) to the extent not reflected in the Documentation of a Fraudulent Charge, submit documentation that the Class Member is/was a cardholder on or owner of the account for the Payment Card; and (4) submit correspondence from the credit card company, debit card company, or bank associated with the Payment Card denying reimbursement of the fraudulent charge.

(b) Unreimbursed costs of purchasing credit reports, credit monitoring, and/or identity theft protection services *after* a fraudulent charge or notice of some suspicious activity subsequent to the use of their Payment Card at PrimoHoagies *but before* PrimoHoagies offered free credit monitoring to impacted customers on April 17, 2020.

To be eligible, a Class Member must (1) complete the appropriate section of the Claim Form and attest thereon that they not aware of any other Person submitting a claim for reimbursement of the same out-of-pocket costs, and that the out-of-pocket costs claimed have not been reimbursed; (2) submit Documentation of a Fraudulent Charge; and (4) submit documentation of the date, cost and proof of payment of the credit report(s), credit monitoring and/or identity theft protection services.

Lost Time and Effort Reimbursement. Class Members may be eligible for reimbursement in the amount of $7.50 for lost time and effort expended as a result of a fraudulent charge incurred on a Payment Card, after that Payment Card was used at PrimoHoagies during the Data Breach Period, regardless of whether that charge was reimbursed or not, where the charge occurred during the Data Breach Period or up to five (5) months after the end of the Data Breach Period.

To be eligible, a Class Member must (1) complete the appropriate section of the Claim Form and attest thereon that extended time and effort as a result of the Data Breach; and (2) submit Documentation of a Fraudulent Charge.

Documentation of a Fraudulent Charge is documentation that shows: (1) a charge, (2) that was fraudulent, (3) occurring during the Data Breach Period or up to five (5) months after the end of the Data Breach Period, and (4) occurring after the same Payment Card was used during the Data Breach Period to make an online order with PrimoHoagies. Acceptable documentation may include, but is not limited to: (1) a bank statement or credit card or debit card statement, or a screen shot from a bank or credit or debit card account on a website or mobile app; (2) correspondence, such as emails, text messages, or letters, to or from the credit or debit card company or bank regarding the fraudulent charge; (3) phone call(s) with the credit or debit company or bank regarding the fraudulent charge; (4) a notice or alert from a credit or identify theft monitoring service, credit or debit card company or bank; and/or (5) other reasonable forms documentation that shows the fraudulent transaction and identifies that it was the same payment card used at PrimoHoagies.

Each Class Member can only receive: (1) one (1) activation code for Credit Monitoring; (2) up to $120.00 for the Out-of-Pocket Cost Reimbursement; and/or (3) $7.50 for the Lost Time and Effort Reimbursement, regardless of the number of Payment Cards used to make an online order(s) with PrimoHoagies during the Data Breach and the number of fraudulent transactions that occurred on each Payment Card.

The Settlement gives PrimoHoagies the right, but not the obligation, in its sole discretion to terminate the Settlement if the number of Class Members who timely exercise their right to request exclusion from the Settlement Class exceeds a certain percentage. PrimoHoagies has also agreed to separately pay for the costs associated with administering this Settlement, Court-approved attorneys' fees and litigation expenses for Plaintiff's Counsel not to exceed $111,495.09, and up to $1,000 for any Incentive Award to Plaintiff approved by the Court.

### 11.    How Will I Get My Settlement Relief?

If you are a Class Member and do not exclude yourself, you are eligible to submit a Claim Form along with any required supporting documentation to receive one or more of the Settlement Relief. Claim Forms must be submitted online at the Settlement Website on or before 11:59 p.m. Eastern time on **[DATE] <u>OR</u>** postmarked by **[DATE]** and mailed to:

PrimoHoagies Data Breach Class Action Settlement
c/o **[Settlement Administrator]**
P.O. Box XXXXXX
[City, State ZIP Code]

If you do not timely submit a Claim Form, you will not receive any Settlement Relief under the Settlement.

### 12.    When Will I Receive My Settlement Relief?

If you submit a complete, timely and valid Claim Form along with any required supporting documentation, the Settlement Administrator will distribute the Settlement Relief after the Court grants final approval of the Settlement.  The Court will hold the Fairness Hearing on **[DATE], 2022** to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals after that. It can sometimes take a year or more for the appellate process to conclude.

Please be patient; status updates will be posted on the Settlement Website.

### 13.    What Do I Have To Do After I Submit A Claim Form?

After you submit a Claim Form, the Settlement Administrator will evaluate your Claim Form and any documentation you submit to determine if the claim is timely and valid, including whether you have provided sufficient information and/or the required supporting documentation, if any, to validate your membership in the Settlement Class and eligibility for Settlement Relief.  If the Settlement Administrator determines that your Claim Form is deficient or defective, it will contact you.  If you subsequently provide information and/or the supporting documentation that satisfies the Settlement Administrator concerns as to the validity of your Claim Form, you will not have to do anything else. The Settlement Administrator's determination of the validity or invalidity of any such claims shall be binding, subject only to Court review or agreement by the Parties' Counsel.

**14.    What Am I Giving Up To Receive My Settlement Relief?**

Unless you exclude yourself, you remain a Class Member. That means you can't sue, continue to sue, or be part of any other lawsuit relating to the Released Claims in this Action against PrimoHoagies. Upon the Effective Date of the Settlement, Plaintiff and the Releasing Parties shall release and be deemed to release and forever discharge and shall be forever enjoined from prosecuting the Released Claims against Released Parties.

The capitalized terms used in this paragraph are defined in the Settlement Agreement, Preliminary Approval Order, or this Notice.  For easy reference, certain of these terms are copied below:

- **"Released Parties"** means PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies, as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, franchisees, employers, employees, franchisees' employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

- "**Releasing Parties**" means Plaintiff and Settling Class Members, as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

- **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees or obligations (including Unknown Claims) that have been or could be brought, whether in law or in

equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, that arise out of or are related to any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the Data Breach and/or the facts alleged in the Action. Nothing herein is intended to release any claims any governmental agency or governmental actor may have against PrimoHoagies.

### 15.    What If I Do Nothing?

You are automatically a Settlement Class Member if you fit the Settlement Class description.  However, if you do not submit a timely and valid Claim Form, you will not receive any Settlement Relief from the Settlement. You will be bound by past and any future Court rulings, including rulings on the Settlement and release. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be a part of any other lawsuit against PrimoHoagies on the basis of the Released Claims. Please see question 14 for a description of the Released Claims.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

### 16.    What If I Do Not Want to be in the Settlement Class?

If you are a Class Member, but do not want to remain in the Settlement Class, and do not want to receive the Settlement Benefits, then you must take steps to exclude yourself from the Settlement. This is also sometimes referred to as "opting out" of a class.  See question 17.

If you act to exclude yourself from the Settlement Class of which you would otherwise be a member, you will be free to sue PrimoHoagies on your own and at your own expense for the claims being resolved by the Settlement. However, you not be eligible for any Settlement Relief from the Settlement, and Plaintiff's Counsel will no longer represent you with respect to any claims against PrimoHoagies.

If you want to receive the Settlement Benefits from the Settlement, do not exclude yourself.  You must file a Claim Form in order to receive any Settlement Benefits.

## 17.    How Do I Exclude Myself?

You can exclude yourself by sending a written "Request for Exclusion."  You cannot exclude yourself by telephone. Your written Request for Exclusion must be emailed and received, or postmarked and mailed by **[DATE]**, to:

PrimoHoagies Data Breach Class Action Settlement - EXCLUSIONS
c/o **[Settlement Administrator]**
P.O. Box XXXXXX
[City, State ZIP Code]
Email:

and (a) state the name, address, telephone number, email address, and the notice ID or confirmation code listed on the copy of the Notice you received (if available) of the person or entity seeking exclusion, and in the case of entities, the name and email address of the appropriate contact person; (b) clearly state that such person or entity requests to be excluded from the Settlement Class in the Action (*Hozza v. PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies*, Case No. 1:20-cv-04966 (D.N.J.)); and (c) include the personal and original signature such person or entity requesting the exclusion or an authorized representative, as well as proof of authorization to submit the Request for Exclusion if submitted by an authorized representative.

A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the ones designated above, or that is not sent within the time specified shall be invalid and the person(s) filing such an invalid request shall be a Class Member and shall be bound by the Settlement, if approved.

If you submit both a Claim Form and a Request for Exclusion, and if you do not withdraw the Claim Form or the Request for Exclusion within the allotted time frame provided by the Settlement Administrator or prior to the deadline for filing a Request for Exclusion, you will be deemed to have waived and withdrawn the Request for Exclusion and shall be treated as a Class Member.

All persons who submit valid and timely Requests for Exclusion in the manner set forth above shall have no rights under the Settlement, shall not share in the distribution of Settlement Benefits, and shall not be bound by the Settlement.  In addition, such persons will not be entitled to object to the Settlement or appear at the Fairness Hearing.

**18.     If I Do Not Exclude Myself, Can I Sue PrimoHoagies for the Same Thing Later?**

No.  Unless you exclude yourself from this Settlement, you give up any right to sue PrimoHoagies for the Released Claims that the Settlement resolves.

**19.     If I Exclude Myself, Can I Receive Any Settlement Benefits From The Settlement?**

No.  You will not receive any Settlement Benefits if you exclude yourself.

**20.     If I Exclude Myself From The Settlement, Can I Still Object?**

No.  If you exclude yourself, you are no longer a Class Member and may not object to any aspect of the Settlement.

## OBJECTING TO THE SETTLEMENT

**21.     How Do I Tell The Court What I Think About The Settlement?**

If you are a Class Member and do not exclude yourself, you can tell the Court what you think about the Settlement.  You can object to all or any part of the Settlement, the application for attorneys' fees and reimbursement of litigation expenses, and/or the motion for any Incentive Award for Plaintiff.  You can give reasons why you think the Court should approve them or not.  The Court will consider your views. If you want to make an objection, you may enter an appearance in the Action, at your own expense, individually or through counsel of your own choice, by filing with the Clerk of United States District Court for the District of New Jersey a notice of appearance and your objection, and serving copies of your objection on Plaintiff's Counsel and PrimoHoagies's Counsel by **[DATE]** to the following addresses:

| *Plaintiff's Counsel* | *PrimoHoagies Counsel* |
|---|---|
| Christian Levis | William W. Cheney |
| Anthony M. Christina | John D. Shea |
| Amanda G. Fiorilla | **FREEMAN MATHIS & GARY, LLP** |
| **LOWEY DANNENBERG, P.C.** | |
| 44 South Broadway, Suite 1100 | 3 Executive Campus |
| White Plains, NY 10601 | Suite 350 |
| Telephone: (914) 733-7221 | Cherry Hill, New Jersey 08002 |
| Email: | Telephone: (856) 406-1268 |
| primohoagiessettlement@lowey.com | Email: wcheney@fmglaw.com |
| | Email: jshea@fmglaw.com |

18

Any Class Member who does not enter an appearance will be represented by Plaintiff's Counsel.

If you choose to object, you must file a written objection. You cannot make an objection by telephone or email. Your written objection must be signed by the Class Member (and, if applicable, signed by the Class Member's duly authorized attorney or other duly authorized representative along with appropriate documentation setting forth such representation) and must include: (i) the name, address, telephone number, and email address of the person or entity objecting; (ii) the name and case number of the Action (*Hozza v. PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies*, Case No. 1:20-cv-04966 (D.N.J.)); (iii) information, including any documentation, identifying you as a Settlement Class Member; (iv) a written statement of your objection(s), the specific legal or factual basis for the objection(s), and whether the objection applies only to you, a specific subset of the Settlement Class, or the entire Settlement Class; (v) a description of any and all evidence you may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses and all exhibits intended to be introduced at the Fairness Hearing; (vi) the name, address, telephone number and email address of all counsel representing you (if any); (vii) a statement of whether you and/or your counsel intend to appear at the Fairness Hearing; and (viii) a list of other cases in which you and/or your counsel has appeared either as an objector or counsel for an objector in the last five years. If you enter an appearance and desire to present evidence at the Fairness Hearing in support of your objection, you must also include in your written objection or notice of appearance the names and addresses of any witnesses you may call to testify, information concerning the witnesses' expected testimony, and any exhibits you intend to introduce into evidence at the Fairness Hearing.

If you do not timely and validly submit your objection, your views will not be considered by the Court or any court on appeal. Check the Settlement Website, www.hoagiesettlement.com for updates on important dates and deadlines relating to the Settlement.

### 22.   What Is The Difference Between Objecting And Excluding Myself?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you remain a Class Member and do not exclude yourself from the Settlement. Excluding yourself from the Settlement is telling the Court that you do not want to be a part of the Settlement Class. If you

exclude yourself, you have no right to object to the Settlement because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

### 23. Do I Have A Lawyer In This Case?

The Court has appointed the lawyers listed below to represent you and the Settlement Class in this Action:

Christian Levis
Anthony M. Christina
Amanda G. Fiorilla
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 733-7221
Email: primohoagiessettlement@lowey.com

These lawyers are called Plaintiff's Counsel or Class Counsel. Plaintiff's Counsel may apply to the Court for payment of attorneys' fees and litigation expenses that will be paid by PrimoHoagies directly, separate from the Settlement Relief. You will not otherwise be charged for Plaintiff's Counsel's services. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 24. How Will The Lawyers Be Paid?

To date, Plaintiff's Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs. Any attorneys' fees and litigation expenses will be awarded only as approved by the Court in amounts determined to be fair and reasonable. The Settlement provides that Plaintiff's Counsel may apply to the Court for an award of attorneys' fees and litigation expenses to be paid by PrimoHoagies separately from the Settlement Relief. Prior to the Fairness Hearing, Plaintiff's Counsel will move for an award not to exceed $111,495.09 in attorneys' fees and litigation expenses. Plaintiff may also seek approval from the Court for an Incentive Award not to exceed $1,000 to be paid by PrimoHoagies separately from the Settlement Relief.

This is only a summary of the request for attorneys' fees and litigation expenses. Any motions in support of the requests will be available for viewing on the Settlement Website after they are filed by **[DATE]**. If you wish to review the motion

papers, you may do so by viewing them at the Settlement Website, www.hoagiesettlement.com.

The Court will consider the motion for attorneys' fees and litigation expenses at or after the Fairness Hearing.

## THE COURT'S FAIRNESS HEARING

### 25.    When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold the Fairness Hearing on **[DATE]**, at **[TIME]**, at the U.S. District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Courtroom 3D, Camden, NJ 08101. The Fairness Hearing may be moved to a different date or time without notice to you. Given the current COVID-19 situation, the Fairness Hearing may be conducted remotely. Although you do not need to attend, if you plan to do so, you should check the Settlement Website before making travel plans.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve the requests for attorneys' fees and litigation expenses, and any Incentive Awards for Plaintiff. If there are any objections, the Court will consider them at this time. We do not know how long the Fairness Hearing will take or when the Court will make its decision. The Court's decision may be appealed.

### 26.    Do I Have To Come To The Fairness Hearing?

No. Plaintiff's Counsel will answer any questions the Court may have. You are, however, welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you file and serve your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but you are not required to do so.

### 27.    May I Speak At The Fairness Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. If you want to appear at the Fairness Hearing, you may enter an appearance in the Action at your own expense, individually, or through counsel your own choice, by filing with the Clerk of Court a notice of appearance and your objection, and serving copies of your objection on Plaintiff's Counsel and PrimoHoagies's Counsel at the addresses set forth in in question 21, such that they are received no later than **[DATE]**, or as the

Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Plaintiff's Counsel.  You cannot request to speak at the Fairness Hearing by telephone or email.

## GETTING MORE INFORMATION

### 28.    How Do I Get More Information?

The Court has appointed Angeion Group as the Settlement Administrator. Among other things, the Settlement Administrator is responsible for providing this Notice of the Settlement and processing Claim Forms.

This Notice summarizes the Settlement Agreement. More details are in the Settlement Agreement, which is available for your review at the Settlement Website, www.hoagiesettlement.com.  The Settlement Website also has answers to common questions about the Settlement, Claim Form, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.  You may also call toll-free 1-8xx-xxx-xxxx (if calling from outside the United States or Canada, call 1-xxx-xxx-xxxx) or write to the Settlement Administrator at:

PrimoHoagies Data Breach Class Action Settlement
c/o **[Settlement Administrator]**
P.O. Box XXXXXX
[City, State ZIP Code]
Email: XXXXX

If you write to the Settlement Administrator, please provide your current contact information to the Settlement Administrator at the mailing address or email address set forth above in the event the Settlement Administrator needs to contact you.

****_Please do not contact the Court or the Clerk's Office regarding this Notice or for additional information._****

DATED: _____, 2022     BY ORDER OF THE COURT

# EXHIBIT E

## COURT APPROVED LEGAL NOTICE

**If your Payment Card information was used to make an online order with PrimoHoagies between July 15, 2019 and February 18, 2020, your rights may be affected by a pending class action settlement and you may be entitled to a portion of the settlement fund.**

---

This Summary Notice is to alert you to a proposed Settlement with Defendant PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies ("Defendant" or "PrimoHoagies") in a pending class action (the "Action") captioned *Hozza v. PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies,* Case No. 1:20-cv-04966 (D.N.J.). This Settlement is not an admission by PrimoHoagies of wrongdoing or an indication that any law was violated, and no Court has made such a determination.

More information about this case (including the meanings of the capitalized terms used in this Summary Notice) is available in the detailed Notice of Proposed Class Action Settlement, [DATE], 2022 Fairness Hearing Thereon, and Class Members' Rights and the Settlement Agreement, which are available at www.hoagiesettlement.com. You may also call toll-free 1-XXX-XXX-XXXX (if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX).

**What is this about?**

This Action arises out of a third-party, external criminal cyberattack incident that PrimoHoagies disclosed on April 17, 2020, which targeted PrimoHoagies' online payment platform between July 15, 2019 and February 18, 2020 (the "Data Breach"). Plaintiff alleges that the Data Breach caused consumers' information, including addresses, Payment Card numbers, expiration dates, and security codes, to be improperly exposed.

PrimoHoagies denies any wrongdoing and that it violated any law. PrimoHoagies further maintains that it has good and meritorious defenses to Plaintiff's claims and would prevail if the case were to proceed. Nevertheless, to avoid further expense, inconvenience, and distraction of burdensome and protracted litigation, PrimoHoagies has agreed to settle the claims in this lawsuit.

**Who is a member of the Settlement Class?**

Subject to certain exceptions, the proposed Settlement Class consists of all Persons in the United States whose Payment Card information was used to make an online

order with PrimoHoagies during the Data Breach that PrimoHoagies made public on April 17, 2020.

**What does the Settlement provide?**

Subject to the terms of the Settlement Agreement and the Court's approval, each Class Member may be entitled to receive one or more of the following Settlement Relief: (1) credit monitoring services for one year; (2) reimbursement of up to $120.00 for certain documented unreimbursed out-of-pocket costs and expenses incurred as a result of or after a fraudulent charge on a Payment Card, after that Payment Card was used at PrimoHoagies; and/or (3) $7.50 for lost time and effort expended as a result of a documented fraudulent charge incurred on a Payment Card, after that Payment Card was used at PrimoHoagies.

**May I receive a benefit from the Settlement and what are my rights?**

If you are a Class Member and submit a valid and timely Claim Form, with any required supporting documentation, you may be eligible to receive the Settlement Relief.  Claim Forms must be postmarked by **[DATE]** or submitted online at **www.hoagiesettlement.com** on or before 11:59 p.m. Eastern time on **[DATE]**. If you remain in the Settlement Class, you will release certain legal rights against PrimoHoagies relating to the Data Breach, even if you do not file a Claim Form.

If you remain in the Settlement Class, you may also object to the proposed Settlement, Class Counsel's request for attorneys' fees, payment of litigation costs and expenses, and Plaintiffs' Incentive Award.  If you want to object, you must do so by **[DATE]**.  If you do not want to remain in the Settlement Class, you must opt out by **[DATE]**.   More information regarding your rights is available at **www.hoagiesettlement.com**.

**Who represents you?**

The Court appointed Christian Levis, Anthony M. Christina and Amanda G. Fiorilla of Lowey Dannenberg, P.C., 44 South Broadway, Suite 1100, White Plains, NY 10601 as Class Counsel to represent the Settlement Class. Class Counsel will ask the Court for an award for attorneys' fees and expenses of $111,495.09, and $1,000 for an Incentive Award to the named Plaintiff, to be paid by PrimoHoagies, on account of the work they performed in this Action for the benefit of the Settlement Class.

If you want to be represented by your own lawyer, you may hire one at your own expense.

**When is the Fairness Hearing?**

The Court will hold the Fairness Hearing on **[DATE]**, at **[TIME]**, at the U.S. District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Courtroom 3D, Camden, NJ 08101 to consider whether to finally approve the proposed Settlement, the application for attorneys' fees and expenses, and the application for an Incentive Award for the named Plaintiff.  You or your lawyer may ask to appear and speak at the hearing at your own expense, but you do not have to. Any changes to the time and place of the Fairness Hearing, or other deadlines, will be posted to **www.hoagiesettlement.com** as soon as is practicable.

**For more information, visit www.hoagiesettlement.com or call toll-free** 1-XXX-XXX-XXXX **(if calling from outside the United States or Canada, call** 1-XXX-XXX-XXXX**).**

***\*\*\*\* Please do not call the Court or the Clerk of the Court for information about the Settlement. \*\*\*\****

# EXHIBIT F

PrimoHoagies Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

Forwarding Service Requested
[BARCODE]
Postal Service: Please do not mark barcode

Notice ID: XXXXXX
Confirmation Code: XXXXXXX

FIRST NAME LAST NAME
ADDRESS 1
ADDRESS 2
CITY, ST ZIP

## LEGAL NOTICE

**You may be a class member in a proposed class action settlement if your Payment Card information was used to make an online order with PrimoHoagies between July 15, 2019 and February 18, 2020.**

*This is a Court-approved legal notice. This is not an advertisement.*

*This notice is only a summary. You can find the full Class Notice, along with a full description of the proposed Settlement, related Court documents, dates and forms, and additional information on how Settling Class Members can exclude themselves from the Settlement or object to it on this website* ***www.hoagiesettlement.com*** *or by calling ___-___-____.*

**DO NOT CONTACT THE COURT OR DEFENDANT.**

A proposed Settlement has been given preliminary approval in the class action lawsuit *Hozza v. PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies*, U.S. District Court for the District of New Jersey, Case No. 1:20-cv-04966. The case is against PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies ("PrimoHoagies" or "Defendant"), concerning the third-party, external criminal cyberattack incident that PrimoHoagies

disclosed on April 17, 2020, which targeted PrimoHoagies' online payment platform between July 15, 2019 and February 18, 2020 (the "Data Breach"). Defendant denies all of Plaintiff's claims and deny that they did anything wrong. This Settlement was entered into to avoid the expense and uncertainty of further litigation and is not an admission of any liability.

**Who is a member of the Settlement Class?** With exceptions, you may be eligible if your Payment Card information was used to make an online order with PrimoHoagies between July 15, 2019 and February 18, 2020.

**What does the Settlement provide?** Subject to the terms of the Settlement Agreement and the Court's approval, each Settling Class Member may be entitled to receive one or more of the following Settlement Relief: (1) credit monitoring services for one year; (2) reimbursement of up to $120.00 for certain documented unreimbursed out-of-pocket costs and expenses incurred as a result of or after a fraudulent charge on a Payment Card, after that Payment Card was used at PrimoHoagies; and/or (3) $7.50 for lost time and effort expended as a result of a documented fraudulent charge incurred on a Payment Card, after that Payment Card was used at PrimoHoagies. PrimoHoagies also agreed to pay the costs of administering this Settlement, and if approved by the Court, up to $111,495.09 for Court-approved attorneys' fees and litigation expenses and up to $1,000 for an Incentive Award to the named Plaintiff. In exchange, Settling Class Members will release and be enjoined from prosecuting the Released Claims against the Released Parties, as detailed in the Settlement Agreement.

**How do I receive a benefit from the Settlement?** If you are a member of the Settlement Class and do not opt out, you may be eligible to receive Settlement Relief if you submit a complete Proof of Claim and Release to the Settlement Administrator. To qualify for Out-of-Pocket Cost Reimbursement and/or Lost Time and Effort Reimbursement, you must also provide certain supporting documentation along with the Proof of Claim and Release. **The Proof of Claim and Release must be postmarked by [DATE] or submitted online at www.hoagiesettlement.com on or before 11:59 p.m. Eastern time on [DATE].**

**Your other options.** If you do not want to take part in the proposed Settlement, you must opt out by **[DATE]**. If you want to object to the proposed Settlement, Class Counsel's request for attorneys' fees and expenses, and Plaintiff's Incentive Award, you must do so by **[DATE]**.

**The Court's hearing.** The Court will hold a Fairness Hearing on **[DATE]** at the U.S. District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, to decide whether to approve the Settlement. The Fairness Hearing may be moved to a different date or time without notice to you. Given the current COVID-19 situation, the Fairness Hearing may be conducted remotely. Although you do not need to attend, if you plan to do so, you should check the Settlement Website before making travel plans. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, consider any timely objections, and may consider Class Counsel's request for attorneys' fees and expenses, and the request for any Incentive Award.

**Do I have a lawyer in the case?** The Court has appointed the following Class Counsel to represent the Settlement Class in this Lawsuit: Lowey Dannenberg, P.C., 44 South Broadway, Suite 1100, White Plains, NY 10601.

**For more information visit www.hoagiesettlement.com or call [PHONE].**

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
*Hozza v. PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies*,
Case No. 1:20-cv-04966

## PROOF OF CLAIM AND RELEASE

**If your debit, credit, charge, prepaid, ATM, or point of sale card ("Payment Card") information was used to make an online order with PrimoHoagies during the Data Breach that PrimoHoagies made public on April 17, 2020, you may be eligible to receive cash payments and one (1) free year of credit monitoring if you submit this Proof of Claim and Release (the "Claim Form") online at www.hoagiesettlement.com by 11:59 p.m. Eastern Time on [DATE] or by mail, postmarked no later than [DATE].**

Each Settling Class Member may be entitled to receive one or more of the following Settlement Relief: (1) one (1) year of free Credit Monitoring; (2) up to $120.00 for the Out-of-Pocket Cost Reimbursement; and/or (3) $7.50 for the Lost Time and Effort Reimbursement. Each Settling Class Member can only submit one claim for the Settlement Relief regardless of the number of Payment Cards used to make an online order(s) with PrimoHoagies during the Data Breach and the number of fraudulent transactions that occurred on each Payment Card.

For Claim Forms to be valid, claimants must provide all information requested under "Class Member Information" and the respective sections for the Settlement Relief being sought (Credit Monitoring, Out-of-Pocket Reimbursement and/or Lost Time and Effort Reimbursement). Claimants must also sign the Claim Form attestation that appears at the end of the respective sections for the Settlement Relief being sought and the Claim Form Verification.

*Credit Monitoring*. No additional documentation is required to be eligible for Credit Monitoring. Settling Class Members whose Claim Forms are determined to be timely and valid who request Credit Monitoring will receive an activation code to begin credit monitoring that shall be sent via e-mail.

*Out-of-Pocket Cost Reimbursement*. Class Members who submit a timely and valid Claim Form along with required supporting documentation, described below, are eligible for reimbursement of the following out-of-pocket expenses, up to $120.00 per Class Member, that were incurred as a result of the Data Breach:

    (a)   Unreimbursed fraudulent charges incurred on Payment Cards used at PrimoHoagies, where the fraudulent charge(s) occurred during the Data Breach Period or up to five (5) months after the end of the Data Breach.

         To be eligible, a Class Member must (1) complete the appropriate section of the Claim Form and attestation therein; (2) submit Documentation of a Fraudulent Charge (defined below), including the amount of the unreimbursed charge; (3) to the extent not reflected in the Documentation of a Fraudulent Charge, submit documentation that the Class Member is/was a cardholder on or owner of the account for the Payment Card; and (4) submit correspondence from the credit card company, debit card

company, or bank associated with the Payment Card denying reimbursement of the fraudulent charge.

and/or

(b) Unreimbursed costs of purchasing credit reports, credit monitoring, and/or identity theft protection services *after* a fraudulent charge or notice of some suspicious activity subsequent to the use of their Payment Card at PrimoHoagies *but before* PrimoHoagies offered free credit monitoring to impacted customers on April 17, 2020.

To be eligible, a Class Member must (1) complete the appropriate section of the Claim Form and attestation therein; (2) submit Documentation of a Fraudulent Charge (defined below); and (3) submit documentation of the date, cost and proof of payment of the credit report(s), credit monitoring and/or identity theft protection services.

***Lost Time and Effort Reimbursement****.* Class Members who submit a timely and valid Claim Form along with required supporting documentation, described below, are eligible for reimbursement in the amount of $7.50 for lost time and effort expended as a result of a fraudulent charge incurred on a Payment Card, after that Payment Card was used at PrimoHoagies during the Data Breach, regardless of whether that charge was reimbursed or not, where the charge occurred during the Data Breach or up to five (5) months after the end of the Data Breach Period.

To be eligible, a Class Member must (1) complete the appropriate section of the Claim Form and attestation therein; and (2) submit Documentation of a Fraudulent Charge (defined below).

***Documentation of a Fraudulent Charge.*** To qualify for either or both the Lost Time and Effort Reimbursement and the Out-of-Pocket Cost Reimbursement components of the settlement, Settling Class Members must provide Documentation of a Fraudulent Charge, which is documentation that shows: (1) a charge, (2) that was fraudulent, (3) occurring during the Data Breach Period (between July 15, 2019 and February 18, 2020) or up to five (5) months after the end of the Data Breach Period, and (4) occurring after the same Payment Card was used during the Data Breach Period to make an online order with PrimoHoagies. Acceptable documentation to be uploaded may include:

❏ Bank statement or credit card or debit card statement.
❏ Screen shot from a bank or credit or debit card account on a website or mobile app.
❏ Correspondence, such as emails, text messages, or letters, to or from the credit or debit card company or bank regarding the fraudulent charge.
❏ Transcripts or recordings of phone call(s) with the credit or debit company or bank regarding the fraudulent charge.
❏ Notice or alert from a credit or identify identity theft monitoring service, credit or debit card company or bank.
❏ Other reasonable documentation that shows the fraudulent transaction and identifies that it was the same Payment Card used at PrimoHoagies.

Settling Class Members that claim Lost Time and Effort Reimbursement and/or Out-of-Pocket Cost Reimbursement and whose Claim Forms are determined to be timely and valid will receive

their cash payment via an electronic payment method or by check.  Please ensure you provide a current, valid email address with your claim submission. If the email address you include with your submission becomes invalid for any reason, it is your responsibility to provide accurate contact information to the Settlement Administrator to receive a payment and/or the activation code for credit monitoring.

Unless otherwise defined, all capitalized terms contained in this Claim Form have the same meaning as in the **Notice of Proposed Class Action Settlement, [DATE] Fairness Hearing Thereon and Class Members' Rights** ("Notice") and the Stipulation and Agreement of Settlement between Plaintiff and PrimoHoagies, which are available at **www.hoagiesettlement.com** (the "Settlement Website"). It is important that you read the Notice. By signing and submitting this Claim Form, you will be certifying that you have read the Notice, including the terms of the Release and Covenant Not to Sue described in the Notice under the heading "What Am I Giving Up to Receive a Payment?" and provided for in the Settlement Agreement.

## CLASS MEMBER INFORMATION (REQUIRED)

First: _____ Last: _____

Address: _____

City: _____ State: _____ ZIP: _____

Phone: _____

Email Address: _____

Notice ID (from Notice): _____ Confirmation Code (from Notice): _____

If you are making a claim for the Out-of-Pocket Cost Reimbursement and/or the Lost Time and Effort Reimbursement, you may elect to receive any payment to which you are entitled by digital payment or by check. Please select **one** of the following payment options. Should you wish to change your election after submitting your Claim Form, please contact the Settlement Administrator.

☐ **PayPal** - PayPal email address: **_____**

☐ **Venmo -** Mobile number associated with the Venmo account: **_____**

☐ **Zelle -** Mobile number or email address associated with the Zelle account: **_____**

☐ **Virtual Prepaid Mastercard** - Email address: **_____**

☐ **Physical Check -** Payment will be mailed to the address provided above.

## <u>CREDIT MONITORING</u>

Under the Settlement, if you are a Settling Class Member, you may be eligible to receive **one (1) year of free credit monitoring** paid for by PrimoHoagies (valued at $119.40/year) through Identity Theft Guard Solutions, Inc. ("IDX").

If you wish to receive the credit monitoring, please check the box below and sign the attestation (if accurate).

❏ I attest that I made an online purchase with my Payment Card at PrimoHoagies between July 15, 2019 and February 18, 2020 and request the credit monitoring provided by the Settlement.

I declare under penalty of perjury under the laws of the United States and the state where this Claim Form is signed that the information supplied above is true and correct to the best of my knowledge.

Print Name: _____

Signature: _____

Date: _____

## <u>Lost Time And Effort Reimbursement</u>

Under the Settlement, you may be eligible to receive **<u>$7.50</u>** for lost time and effort that you expended as a result of a fraudulent charge incurred on a Payment Card, after that Payment Card was used at PrimoHoagies, *regardless* of whether that charge was reimbursed or not, where the charge occurred during the Data Breach Period or up to five (5) months after the end of the Data Breach Period.

To claim this relief, you must attach your Documentation of a Fraudulent Charge, check the applicable boxes below, and sign the attestation (if accurate).

❑ I attest that I made an online purchase with my Payment Card at PrimoHoagies between July 15, 2019 and February 18, 2020.

❑ I personally expended time and effort as a result of the fraudulent charge(s) incurred on my Payment Card, after that Payment Card was used at PrimoHoagies, where the charge occurred during the Data Breach Period or up to five (5) months after the end of the Data Breach Period.

I declare under penalty of perjury under the laws of the United States and the state where this Claim Form is signed that the information supplied in this Claim Form is true and correct to the best of my knowledge.

Print Name: _____

Signature: _____

Date: _____

## OUT-OF-POCKET COST REIMBURSEMENT

Under the Settlement, you may be eligible to receive **up to $120.00** for reimbursement for the following types of out-of-pocket expenses that were incurred as a result of the Data Breach:

(a)     Unreimbursed fraudulent charge(s) incurred on a Payment Card(s) after the Payment Card(s) was (were) used at PrimoHoagies, where the charge(s) occurred during the Data Breach Period or up to five (5) months after the end of the Data Breach Period (between July 15, 2019 and February 18, 2020).

(b)     Unreimbursed costs for purchasing credit reports, credit monitoring, and/or identity theft protection services *after* a fraudulent charge or notice of some suspicious activity subsequent to the use of the Payment Card at PrimoHoagies *but before* PrimoHoagies offered free credit monitoring on April 17, 2020.

Settling Class Members may submit for reimbursement under both (a) and (b), for a total out-of-pocket cost reimbursement not to exceed $120.00.

To claim relief under (a), you must:

- Provide the following documentation:

  o   Documentation of a Fraudulent Charge. The documentation must show the amount of the unreimbursed charge for which you seek reimbursement;

  o   Documentation confirming that you were or are a cardholder on or owner of the account for the Payment Card which incurred the unreimbursed fraudulent charge (if this information is not reflected in your Documentation of a Fraudulent Charge); and

  o   Correspondence from the credit card company, debit card company, or bank associated with the Payment Card denying reimbursement of the fraudulent charge.

- Check the applicable boxes below:

  ❑ I attest that I made an online purchase with my Payment Card at PrimoHoagies between July 15, 2019 and February 18, 2020.

  ❑ I have an unreimbursed fraudulent charge(s) that was (were) incurred on my Payment Card(s) after the Payment Card(s) was (were) used at PrimoHoagies, and occurred during the Data Breach Period or up to five (5) months after the end of the Data Breach Period.

  ❑ I have not submitted and am not aware of any other person submitting a claim for reimbursement of the same unreimbursed fraudulent charge(s).

  ❑ I attest that the unreimbursed fraudulent charge(s) claimed have not been reimbursed.

  ❑ I attest that I was a cardholder on or owner of the account for the Payment Card.

To claim relief under (b), you must:

- Provide the following documentation:

    o   Documentation of a Fraudulent Charge; and

    o   Documentation of the date, cost and proof of payment of the credit report(s), credit monitoring and/or identity theft protection services.

- Check the applicable boxes below:

❏ I attest that I made an online purchase with my Payment Card at PrimoHoagies between July 15, 2019 and February 18, 2020.

❏ I have unreimbursed costs from purchasing credit reports, credit monitoring, and/or identify theft protection services *after* a fraudulent charge or notice of some suspicious activity subsequent to the use of my Payment Card at PrimoHoagies *but before* PrimoHoagies offered free credit monitoring on April 17, 2020.

❏ I have not submitted and am not aware of any other person submitting a claim for reimbursement of these same out-of-pocket costs.

❏ I attest that these out-of-pocket costs claimed have not been reimbursed.

If claiming under either or both (a) and (b), you must also identify the amount requested for reimbursement and sign the certification below.

**Total amount requested for reimbursement**: $_____

I declare under penalty of perjury under the laws of the United States and the state where this Claim Form is signed that the information supplied in this Claim Form is true and correct to the best of my knowledge.

Print Name: _____

Signature: _____

Date: _____

### CLAIM FORM VERIFICATION (REQUIRED)

By signing below and submitting this claim form I hereby affirm under oath that:

1.      I (we) have read the Notice and Claim Form, including the descriptions of the Release and Covenant Not to Sue provided for in the Settlement Agreement.

2.      I (we) am (are) a Class Member and am (are) not one of the individuals or entities excluded from the Settlement Class.

3.      I (we) have not submitted a Request for Exclusion.

4.      I (we) have not submitted any other claim in this Action and know of no other person having done so on my (our) behalf.

5.      I (we) submit to the jurisdiction of the Court with respect to my (our) claim and for purposes of enforcing the releases set forth in any Final Judgment that may be entered in the Action.

6.      I (we) acknowledge that, as of the Effective Date of the Settlement, pursuant to the terms set forth in the Settlement Agreement, and by operation of law and the Final Judgment, I (we) shall be deemed to release and forever discharge and shall be forever enjoined from prosecuting any claims relating to the Data Breach and the Released Claims against PrimoHoagies and the Released Parties (as more fully defined in the Settlement Agreement and/or Final Judgment).

7.      If signing as an Authorized Representative on behalf of an entity, I (we) certify that I (we) have legal rights and authorization from the entity to file this Claim Form on the entity's behalf.

**8.      UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL THE INFORMATION PROVIDED BY ME ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE AND THAT THE DOCUMENTATION SUBMITTED IN CONNECTION WITH THIS CLAIM FORM ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.**

Date: _____

_____
Signature of Claimant (if Claimant is an individual filing)

_____
Print Name of Claimant (if Claimant is an individual filing)

_____
Authorized Representative Completing Claim Form (if any)

_____
Print name of Authorized Representative Completing Claim Form (if any)

_____
Capacity of Authorized Representative (attach documentation confirming such authorization)

**THIS CLAIM FORM MUST BE SUBMITTED ON THE SETTLEMENT WEBSITE NO LATER THAN [DATE], OR MAILED TO THE SETTLEMENT ADMINISTRATOR BY PREPAID, FIRST-CLASS MAIL POSTMARKED NO LATER THAN [DATE] TO:**

PrimoHoagies Data Breach Class Action Settlement
c/o **[Settlement Administrator]**
P.O. Box XXXXXX
[City, State ZIP Code]