IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD D. HOZZA, III, on behalf of himself all other persons similarly situated,<br><br>Plaintiff,<br>vs.<br><br>PRIMOHOAGIES FRANCHISING, INC.<br><br>Defendant. | Case No. 1:20-cv-04966<br><br>Honorable Renée Marie Bumb, U.S.D.J.<br><br>Honorable Matthew J. Skahill, U.S.M.J. |

**FINAL APPROVAL ORDER OF SETTLEMENT WITH
PRIMOHOAGIES FRANCHISING, INC.**

This matter came before the Court for a duly noticed hearing on March 22, 2023 (the "Fairness Hearing"), upon Plaintiff Edward D. Hozza, III ("Plaintiff") Motion for Final Approval of the Class Action Settlement with Defendant PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies ("PrimoHoagies"), which was consented to by PrimoHoagies (together with Plaintiff, the "Parties"). Due and adequate notice of the Stipulation and Agreement of Settlement with PrimoHoagies dated March 17, 2022 (the "Settlement Agreement") having been given to Settlement Class Members, the Fairness Hearing having been held and the Court

1

having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Final Approval Order hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes only of the settlement of the Released Claims as to the Released Parties set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class, as defined in the Court's July 13, 2022 Order Preliminarily Approving the Proposed Class Action Settlement, Scheduling Hearing for Final Approval Thereof and Approving the Proposed Form and Plan of Class Notice (the "Preliminary Approval Order"). ECF No. 55. Based on the record, the Court reconfirms the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

3. In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable, Fed. R. Civ. P. 23(a)(1); (ii) common questions of law and fact

exist with regard to the Settlement Class, Fed. R. Civ. P. 23(a)(2); (iii) Plaintiff's claims in this litigation are typical of those of Settlement Class Members, Fed. R. Civ. P. 23(a)(3); and (iv) Plaintiff's interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members, all of whose claims arise from the identical factual predicate, and Plaintiff and Plaintiff's Counsel have adequately represented the interests of all Settlement Class Members, Fed. R. Civ. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Fed. R. Civ. P. 23(b)(3).

4. This Court has personal jurisdiction over Plaintiffs, PrimoHoagies (in this Action only and for purposes of this Settlement), and all Settlement Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto under 28 U.S.C. § 1332(d)(2).

5. The Court finds that the Class Notice, website, and Notice Plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing,

of Plaintiff's Counsel's application for an award of attorneys' fee and expenses, and of Plaintiff's application for an Incentive Award associated with the Action; (c) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.

6. The Court finds that ~~____~~ _no_ (~~__~~) Settlement Class Members have validly requested to be excluded from the Settlement Class as it relates to the Settlement. ~~The excluded Settlement Class Members are identified at ECF No. ___, Exhibit ___. The excluded Settlement Class Members shall have no rights with respect to the Settlement Agreement, shall receive no payment from the sums provided for in the Settlement Agreement, and shall be deemed to have excluded themselves from the Action as against PrimoHoagies.~~

7. The Court finds that ~~____~~ _no_ (~~__~~) timely objections to the proposed Settlement have been submitted. Notwithstanding the lack of timely objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement.

8. It is hereby determined that all Settling Class Members and PrimoHoagies are bound by the Settlement Agreement and this Final Approval

4

Order, and the Action and Releasing Parties' Released Claims against any of the Released Parties, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement. This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiff. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Plaintiff's Counsel and Plaintiff adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement treats Settlement Class members equitably relative to each other. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10. Notwithstanding the entry of this Final Approval Order, if the Settlement Agreement is validly terminated by Plaintiff or PrimoHoagies, is

disapproved or materially modified in whole or in part by the Court, any appellate court, or any other court of review, or does not become final, then the provisions of this Final Approval Order dismissing Plaintiff's claims shall be null and void with respect to such Settlement; Plaintiff's claims shall be reinstated; PrimoHoagies' defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions as of the Execution Date of the Settlement Agreement. Notwithstanding the language in this Paragraph, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

11.  The Escrow Account defined in the Settlement Agreement shall be established as a trust and as a fiduciary account (the "Settlement Fiduciary Account"). The Court approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to

Section 468B of the Internal Revenue Code of 1986, and the Treasury Regulations promulgated thereunder.

12. Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order. The Court also retains exclusive jurisdiction over the Settlement, the Settlement Agreement, enforcement of Court orders relating to the Settlement and the Settlement Agreement, and the administration and consummation of the Settlement. In addition, without affecting the finality of this Final Approval Order, Plaintiff, PrimoHoagies, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the U.S. District Court for the District of New Jersey for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreement. Any disputes involving Plaintiff, PrimoHoagies, or Settlement Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

13. Each Settling Class Member must execute a release and covenant not to sue in conformity with the Settlement Agreement, set forth in the Proof of Claim and Release form, in order to receive any Settlement Relief defined in the Settlement Agreement. Notwithstanding the foregoing, each Settling Class Member's claim

shall be released pursuant to Section 9 of the Settlement Agreement, regardless of whether the Settling Class Member executes a release and covenant not to sue pursuant to this paragraph.

14. The Court hereby confirms the appointment of Lowey Dannenberg, P.C. as Class Counsel.

15. The Court hereby confirms the appointment of Plaintiff Edward D. Hozza, III as Class Representative.

16. The Court hereby confirms the appointment of Angeion Group as Settlement Administrator.

17. The Court hereby approves the Releasing Parties' release of their Released Claims as set forth in the Settlement Agreement and this Final Approval Order as of the Effective Date.[1]

---

[1] The release under the Settlement Agreement provides as follows:

(A) Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, the Releasing Parties shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

(B) The Releasing Parties shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of Unknown Claims. Plaintiff, for himself and on behalf of Settling Class Members, shall be deemed to relinquish, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, including Cal. Civ. Code § 1542 or any law which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides that:

8

18. As of the Effective Date as defined in the Settlement Agreement, the release set forth in the Settlement Agreement shall be binding upon Plaintiff, the Settlement Class and the Releasing Parties as to PrimoHoagies and the Released Parties.

19. The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against PrimoHoagies involving Released Claims(s), and shall also be binding on the Releasing Parties and their respective successors and assigns, regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or the Settlement.

---

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff acknowledges, and Settling Class Members by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of the Plaintiff, and by operation of law, Settling Class Members, to completely, fully, finally and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

(C) For the avoidance of doubt, by entering into this Agreement, neither PrimoHoagies nor any other Released Party shall have or shall be deemed to have released, relinquished, or discharged any claim or defense against any Person responsible for or otherwise involved in the Data Breach.

9

20. The Court permanently bars and enjoins Releasing Parties from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against PrimoHoagies or any of the Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against PrimoHoagies or any of the Released Parties based on the Released Claims; or (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against PrimoHoagies or any of the Released Parties based on the Released Claims.

21. Neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among Plaintiff's Counsel and PrimoHoagies in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of:

(a) any violation of any statute or law or of any liability or wrongdoing by PrimoHoagies or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a class other than solely for purposes of the Settlement. Further, the Settlement negotiations, including any documents exchanged among Plaintiff's Counsel and PrimoHoagies and any discussions associated with them, may not be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

22. Any data or other information provided by Settling Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Plaintiff's Counsel, PrimoHoagies' Counsel and experts or consultants acting on behalf of the Settlement Class. In no event shall

a Settling Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

23. The Proof of Claim and Release form referenced in Section 1(HH) of the Settlement Agreement is approved as fair, reasonable, and adequate.

24. Plaintiff's Counsel's request for attorneys' fees and expenses and Plaintiff's application for an Incentive Award shall be the subject of a separate order by the Court.

**IT IS SO ORDERED.**

Date: **March 22 2023**

Renée Marie Bumb
Chief District Judge

12