## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD D. HOZZA, III, on behalf of himself all other persons similarly situated, | **Case No. 1:20-cv-04966** |
| Plaintiff, <br> vs. | **Honorable Renée Marie Bumb, U.S.D.J.** |
| PRIMOHOAGIES FRANCHISING, INC. <br><br> Defendant. | **Honorable Matthew J. Skahill, U.S.M.J.** |

## ORDER AWARDING
## <u>ATTORNEYS' FEES, EXPENSES, AND AN INCENTIVE AWARD</u>

This matter came before the Court for a duly noticed hearing on March 22, 2023 (the "Fairness Hearing"), upon Class Counsel's Motion for Award of Attorneys' Fees and Expenses, and Plaintiff's Application for an Incentive Award (the "Fee and Expense Application") in the above-captioned action ("Action"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and adequate notice of the Stipulation and Agreement of Settlement with Defendant

PrimoHoagies Franchising, Inc. d/b/a PrimoHoagies ("PrimoHoagies") entered into on March 17, 2022 (the "Settlement Agreement")[1] having been given to the Settlement Class Members, the Fairness Hearing having been held, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.    This Court has personal jurisdiction over Plaintiff Edward D. Hozza, III ("Plaintiff"), Defendant PrimoHoagies, and all Settlement Class Members, and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto.

2.    Notice of the Fee and Expense Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3.    Class Counsel is hereby awarded attorneys' fees in the amount of **$108,481.57**, which shall be paid by PrimoHoagies. Such payment shall be made pursuant to the terms of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

---

[1] Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlement Agreement. *See* ECF No. 54-1.

4.    Class Counsel is hereby awarded expenses in the amount of $**3,013.52**, which shall be paid by PrimoHoagies. Such payment shall be made pursuant to the terms of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

5.    Plaintiff is awarded $**1,000.00** as an Incentive Award in recognition of his efforts on behalf of the Settlement Class, which shall be paid by PrimoHoagies. Such payment shall be made pursuant to the terms of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

6.    In making these awards, the Court has considered and found that:

a. The Action involves numerous complex factual and legal issues; in the absence of a settlement, the Action would have involved lengthy proceedings with an uncertain resolution of the numerous complex factual and legal issues involved in the case;

b. Had Class Counsel not achieved the Settlement, a risk would remain that Plaintiff and the Settlement Class may have recovered less or nothing from PrimoHoagies;

c. Class Counsel has prosecuted the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

d. Class Counsel's approved attorneys' fee award is based on a lodestar that the Court finds to be reasonable after a review of the hours worked and the

applicable hourly rates and represents a reasonable negative multiplier on Class Counsel's lodestar;

e.  The attorneys' fee award is fair, reasonable, appropriate and consistent with the awards in similar cases, in view of the applicable legal principles and the particular facts and circumstances of the Action.

f.  The expenses incurred by Class Counsel were reasonable and necessary to the prosecution of the Action;

g.  Plaintiff contributed his time and efforts to the prosecution of this Action for the benefit of the Settlement Class; and

h.  Notice was disseminated stating that Class Counsel would be moving for an award of attorneys' fees and expenses in an amount not to exceed $111,495.09, and Plaintiff would be seeking an Incentive Award in an amount no greater than $1,000.00.

7.      In the event that the Settlement is terminated or the Effective Date does not occur in accordance with the terms of the Settlement, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

8.    Pursuant to the Settlement Agreement, the Fee and Expense Application is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

**IT IS SO ORDERED.**

Date: **March 22, 2023**

Renée Marie Bumb
Chief District Judge